## (June 27, 1973)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JUNIOR GOUDE, Appellant, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered March 7, 1972 in Clinton County, which denied an application for a writ of habeas corpus without a hearing. Appellant complains on this appeal that he was not assigned counsel to assist him in preparing for a hearing on his habeas corpus application. However, said application contained nothing but conclusory allegations of denials of constitutional rights, without specifying facts detailing the alleged violations. The application was, therefore, insufficient on its face, and since it also failed to comply with the requirements of CPLR 7002 (subd. [c], pars. 3, 5, 6), the denial of the writ without a hearing was proper (*People ex rel. Brackson* v. *McKendrick*, 29 A D 2d 716). Appellant raises other contentions in his brief which have no substantiation in the record and, therefore, must be rejected. Judgment affirmed, without costs. Greenblott, J. P., Cooke, Kane, Main and Reynolds, JJ., concur.

■ In the Matter of the Claim of JAMES HEIGHT, Respondent, v. HICKSVILLE FIRESTONE DEALER STORE, INC., et al., Respondents, and LEWIS HERMAN, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Lewis Herman, attorney at law, from a decision of the Workmen's Compensation Board, filed June 15, 1971, denying an application by the attorney for payment of his fees by the insurance carrier. The sole issue here presented concerns an attorney's fee which has not yet been paid. The board found that the carrier had overpaid the claimant the sum of $1,683. A further award was subsequently made in the amount of $1,500 for permanent serious facial disfigurement, and claimant's attorney was allowed the fee in question in the amount of $450. The board found that "there is no present balance of payments due claimant upon which the attorney's fee can be a lien and  *  *  *  therefore the attorney must look to claimant for payment of the fee." Since attorney's fees " shall be paid  *  *  *  in the manner fixed by the board " (Workmen's Compensation Law, § 24), the board's decision was a proper and reasonable exercise of discretion under the circumstances. Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.