■ In the Matter of ALEXIS H.—Order unanimously reversed on the law without costs and motion granted. Memorandum: The Mental Hygiene Legal Service (MHLS) appeals from an order denying its motion to intervene in an application for court authorization to perform a total hysterectomy upon Alexis H., a 57-year-old mentally retarded patient residing in a family care home. Supreme Court held that MHLS was authorized to provide legal assistance only to patients or residents of a "school" and that the family care home where Alexis H. resided was not such a school as defined in the Mental Hygiene Law.

Although the surgery has been performed, we decline to dismiss this appeal as moot because the issue of statutory interpretation presented is a novel and substantial one, likely to be repeated and typically evading review *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715). Under these circumstances there is a justiciable controversy *(see, East Meadow Community Concerts Assn. v Board of Educ.,* 18 NY2d 129, 134-135).

Supreme Court erred in deciding that a family care home is not a school under the Mental Hygiene Law. MHLS is required to provide legal assistance to patients or residents of schools (Mental Hygiene Law § 47.01 [a]). A school is defined as the in-patient service of a developmental center or other residential facility for the mentally retarded, or a facility for the residential care or treatment of such persons which has been issued an operating certificate (Mental Hygiene Law § 1.03 [11]). A family care home, where Alexis H. resides, is such facility (Mental Hygiene Law § 16.03 [a] [1]). Therefore, the MHLS should have been permitted to intervene on her behalf. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Intervention.) Present—Callahan, J. P., Denman, Green, Pine and Lowery, JJ.