■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILBUR McREYNOLDS, on Behalf of DARIUS I. McREYNOLDS, Respondent, v COMMISSIONER OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES et al., Respondents, and WILBUR McREYNOLDS, Appellant. [656 NYS2d 358] —In a habeas corpus proceeding pursuant to Mental Hygiene Law § 33.15, Wilbur McReynolds appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated May 21, 1996, which (1), in effect, denied his motion, *inter alia,* to remove Mental Hygiene Legal Services as counsel for Darius Ignatius McReynolds, and (2) dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the appellant's contention, Mental Hygiene Legal Services is required to provide legal assistance to residents of developmental centers in any proceeding challenging the retention of the patient at such a facility (*see,* Mental Hygiene Law §§ 47.01, 47.03; *Matter of Alexis H.,* 174 AD2d 1030).

A writ of habeas corpus brought by a relative is brought on

behalf of the individual retained in the facility (*see,* Mental Hygiene Law § 33.15). Thus, in such a proceeding, it is the rights of the retained individual, not those of the relative, that are at issue (*see, Whitmore v Arkansas,* 495 US 149, 163-164).

On its face, the petition and the affidavits submitted in support of the petitioner's motion were insufficient to demonstrate any deprivation of constitutional rights, as they contain nothing but conclusory allegations of denials of such rights and no supportive facts detailing the alleged violations (*see, People ex rel. Rosario v La Vallee,* 55 AD2d 771; *People ex rel. Goude v La Vallee,* 42 AD2d 648). Thus, the motion was properly denied and the writ of habeas corpus was properly dismissed without a hearing. Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.