[680 NYS2d 773]

In the Matter of JOSEPH BARBER, Appellant, v ROCHESTER PSY-CHIATRIC CENTER, Respondent.

Fourth Department, November 13, 1998

**APPEARANCES OF COUNSEL**

*Mental Hygiene Legal Services,* Rochester (*Arlene Hughes* and *Dana Ragsdale* of counsel), for appellant.

*Dennis C. Vacco, Attorney-General,* Albany (*Julie Mereson* of counsel), for respondent.

**OPINION OF THE COURT**

CALLAHAN, J.

This appeal raises the issue whether a court or a jury in a rehearing and review held pursuant to CPL 330.20 (16) should determine whether an individual confined pursuant to CPL 330.20 suffers from a "dangerous mental disorder", requiring retention in a secure facility. Supreme Court determined that the issue should be resolved by a court and not a jury. Although there is no appellate authority on this issue, I agree with the rationale enunciated in the excellent opinions in *Matter of Robert C. v Wack* (167 Misc 2d 677 [Stallman, J.]), *Matter of Daniel R. v Wack* (167 Misc 2d 74 [Stallman, J.]) and *Matter of Maureen A. v Wack* (153 Misc 2d 600 [Stecher, J.]), which conclude that the issue should be decided by the court.

Petitioner was charged with aggravated harassment for making threatening and obscene telephone calls. He was found not responsible by reason of mental disease or defect (*see,* Penal Law § 40.15) and committed to the custody of the Commissioner of Mental Health for evaluation pursuant to CPL 330.20. It was determined that petitioner suffers from a "dangerous mental disorder" (CPL 330.20 [1] [c]), and he was confined to a secure facility. On June 6, 1997, County Court issued a first retention order pursuant to CPL 330.20 (8). Petitioner then sought a rehearing and review pursuant to CPL 330.20 (16). At the rehearing and review proceeding, petitioner contended that he was entitled to a jury trial on the issues whether he suffers from a mental illness requiring detention and whether he has a "dangerous mental disorder", requiring that his detention be in a secure facility. The court permitted the jury to determine that petitioner suffers from a mental illness, but the court made its own determination that petitioner suffers from a

"dangerous mental disorder". Petitioner contends that the court erred in determining that petitioner suffers from a "dangerous mental disorder", rather than permitting the jury to determine that issue.

Initially, I note that, although the first order of retention by its terms has expired, I decline to dismiss this appeal as moot because the issue presented is a novel and substantial one, likely to be repeated and typically evading review (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715; *Matter of Delores I.,* 214 AD2d 1021, 1022). Under these circumstances, there is a justiciable controversy (*see, Matter of Alexis H.,* 174 AD2d 1030).

A "mentally ill" person is defined in CPL 330.20 (1) (d) as someone who currently suffers from a mental illness for which in-patient psychiatric care and treatment is essential to that person's welfare and whose judgment is so impaired that he is unable to understand the need for such care and treatment. CPL 330.20 (1) (c) defines a person with a "dangerous mental disorder" as someone who suffers from a "mental illness" as that term is defined in Mental Hygiene Law § 1.03 and who, because of such condition, currently constitutes a physical danger to himself or others. It is clear from CPL 330.20 (8) and (11) that if a person is adjudged to be "mentally ill" he will be placed in a nonsecure facility, but that if the person is found to have a "dangerous mental illness" he must be placed in a secure facility. The court's determination whether a person is mentally ill or suffers from a dangerous mental disorder is subject to review pursuant to CPL 330.20 (16), which provides: "Any defendant who is in the custody of the commissioner pursuant to a commitment order, a retention order, or a recommitment order, if dissatisfied with such order, may, within thirty days after the making of such order, obtain a rehearing and review of the proceedings and of such order in accordance with the provisions of [Mental Hygiene Law § ] 9.35."

Section 9.35 of the Mental Hygiene Law provides: "If a person who has been denied release or whose retention, continued retention, or transfer and continued retention has been authorized * * * be dissatisfied with any such order he *may, within thirty days after the making of any such order,* obtain a rehearing and a review of the proceedings already had and of such order upon a petition to a justice of the supreme court other than the judge or justice presiding over the court making such order. Such justice shall cause a jury to be summoned and shall try the question of the mental illness and the

need for retention of the patient so authorized to be retained. Any such patient or the person applying on his behalf for such review may waive the trial of the fact by a jury and consent in writing to trial of such fact by the court * * * [I]f the verdict of the jury, or the decision of the court where a jury trial has been waived, be that such person is mentally ill and in need of retention the justice shall certify that fact and make an order authorizing continued retention under the original order" (emphasis added). Such jury review is a de novo proceeding that is not limited to the evidence adduced to produce the first retention order (*see, Matter of Rose,* 109 Misc 2d 960, 973).

Mental Hygiene Law § 9.35 authorizes jury review only on the issues of mental illness and the need for retention, but does not mention "dangerous mental disorder" (*see,* Mental Hygiene Law § 9.35), thus barring the latter from jury consideration as a matter of right (*see, Matter of Maureen A. v Wack, supra,* at 605).

As the court stated in *Maureen A.* (*supra,* at 604): "The statute (CPL 330.20) deals severally with whether the patient 'is mentally ill' and whether the patient 'has a dangerous mental disorder' (subds [7], [8], [9]). The patient may be deprived of his liberty if he is mentally ill and requires hospitalization, whether dangerous or not. It is for this reason that the 'rehearing and review' (subd [16])—the right to a trial by jury—is expressly provided in cases of 'a commitment order, a retention order, or a recommitment order,' all dealing with whether or not the patient is mentally ill requiring hospitalization. No such right is given by the statute with respect to the dangerousness; for dangerousness is only an issue once deprivation of liberty—hospitalization—is authorized." The court may, as a matter of discretion, use the jury in an advisory capacity on the issue of dangerousness, but there is no jury trial available on that issue as a matter of right (*see, Matter of Maureen A. v Wack, supra,* at 605).

As the court reasoned in *Matter of Daniel R. v Wack* (*supra,* at 78): "The Legislature could have enacted different language in CPL 330.20 (16), specifically listing the jury issues on the rehearing and review. It could have omitted the cross-reference to Mental Hygiene Law § 9.35 and could have substituted a general, sweeping right to jury trial without specifying issues. It did not. The absence of different language, and the decision not to enact a specific provision for jury determination of the issues of 'dangerous mental disorder' and need for retention in a secure facility or transfer to a nonsecure facility, can mean

only one thing: The Legislature excluded, and intended to exclude, those issues from jury determination." Furthermore, no constitutional considerations require a different result (*see, Matter of Robert C. v Wack, supra,* at 683-687).

I conclude that a person found not responsible by reason of mental disease or defect has a right to a jury determination on the issue whether he is "mentally ill" (*see,* CPL 330.20 [16]; Mental Hygiene Law § 9.35). There is no such statutory right, however, to a jury trial on the issue whether a person suffers from a "dangerous mental disorder" (CPL 330.20 [1] [c]) requiring secure detention. Accordingly, the judgment and order should be affirmed.

PINE, J. P., LAWTON, PIGOTT, JR., and BOEHM, JJ., concur.

Judgment and order unanimously affirmed, without costs.