■ In the Matter of WATKINS R., Petitioner, v JEFFREY G. BERRY, as Justice of the Supreme Court of the State of New York, et al., Respondents. [714 NYS2d 95] —Proceeding pursuant to CPLR article 78 in the nature of mandamus (1) to compel the respondent Jeffrey G. Berry, a Justice of the Supreme Court, Orange County, to provide the petitioner with a rehearing and review before a jury of an order of the Supreme Court, Orange County (DeRosa, J.), dated November 4, 1999, which authorized the petitioner's continued psychiatric confinement, and (2) to vacate an order of the same court (Berry, J.), dated April 5, 2000, which granted the motion of the respondent James Stone, Commissioner of the New York State Office of Mental Health, to strike the petitioner's demand for a jury trial.

Adjudged that the petition is granted, without costs or disbursements, the order dated April 5, 2000, is vacated, and the matter is remitted to the Supreme Court, Orange County, for a rehearing and review before a jury.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The

petitioner, a person found not responsible for criminal charges by reason of mental disease or defect, has a clear legal right to jury review of the issue of whether he is mentally ill and subject to a continued deprivation of liberty, and the Supreme Court was required to provide him with that review (*see,* CPL 330.20 [16]; Mental Hygiene Law § 9.35; 14 NYCRR 541.13 [b]; *Matter of Launcelot T. v Mullen,* 264 AD2d 697). We note, however, that while the petitioner is entitled to a jury determination on the issue of whether he is mentally ill (*see,* CPL 330.20 [16]; Mental Hygiene Law § 9.35), there is no right to a jury trial on the issue of whether a person suffers from a "dangerous mental disorder" (CPL 330.20 [1] [c]) requiring secure detention (*see, Matter of Barber v Rochester Psychiatric Ctr.,* 250 AD2d 87, 91; *Matter of Robert C. v Wack,* 167 Misc 2d 677; *Matter of Daniel R. v Wack,* 167 Misc 2d 74; *Matter of Maureen A. v Wack,* 153 Misc 2d 600). Bracken, J. P., Florio, H. Miller and Smith, JJ., concur.