*560 OPINION OF THE COURT
Stewart A. Rosenwasser, J.
The New York State Attorney General moves pursuant to CPLR 3212 for an order dismissing petitioner’s application for a jury trial and granting summary judgment in favor of the New York State Commissioner of Mental Health.
Factual/Legal History
Watkins R. was found to be not responsible of the crime of robbery by reason of mental disease or defect in 1993. Petitioner has been in a secure facility since that time (see CPL 330.20). In a finding by the Honorable Nicholas DeRosa, Acting Justice of the Supreme Court (A.J.S.C.), dated November 4, 1999, the petitioner was found to possess a dangerous mental disorder requiring retention. On December 3, 1999, petitioner’s application for a rehearing and review was granted by the Honorable Paño Z. Patsalos, A.J.S.C. On April 5, 2000, the Honorable Jeffrey G. Berry, A.J.S.C. granted the Attorney General’s motion to strike petitioner’s demand for a jury trial.
The basis for the decision striking the demand for a jury trial was the failure of the petitioner to specifically challenge the finding that he was mentally ill. The Supreme Court found that the only issue upon which the petitioner was entitled to a jury trial was on the issue of mental illness. The statement of the petitioner stating his dissatisfaction did not specifically make out a claim that he was dissatisfied with the finding he was mentally ill and set forth no allegations contradicting this finding.
The Appellate Division, Second Department, reversed this decision finding that the petitioner has a “clear legal right to a jury review of the issue of whether he is mentally ill.” (Matter of Watkins R. v Berry, 276 AD2d 492, 493 [2d Dept 2000].) A jury trial was conducted before the Honorable Stewart A. Rosenwasser, A.J.S.C., and the petitioner was found to be mentally ill. As a result, on May 11, 2001, his retention was continued under the November 4, 1999 retention order. By May 2001, it was time to start the process again.
On May 11, 2001, a new application was presented by the Commissioner to again retain the petitioner. After a hearing on February 5, 2002, the Orange County Supreme Court (Berry, J.) found that petitioner suffered from a dangerous mental disorder (CPL 330.20 [1] [c]) and authorized continued retention. The petitioner requested a rehearing and review of this order.
*561 The Attorney General now seeks an order granting summary judgment. The Attorney General argues that there is no triable issue of fact (Kosson v Algaze, 84 NY2d 1019 [1995]). The Attorney General submitted with their motion an affidavit of Dr. John Meyers which states that the petitioner is dangerously mentally ill. In opposition, petitioner’s attorney does not argue that there is a question of fact. Instead, it is argued that the motion to strike the jury demand has been previously decided against the Commissioner and is now the law of the case.
Relevant Statutory/Legal Background
As this court has stated in previous decisions, a defendant is subject to the provisions of article 330 of the Criminal Procedure Law after a verdict of not responsible by reason of mental disease or defect (Penal Law § 40.15). Upon entry of the verdict or acceptance of the plea, the court is required to issue an examination order. The Commissioner must designate two qualified psychiatric examiners to conduct the examination (CPL 330.20 [2]). Each examiner must prepare a report and submit it to the Commissioner, who must in turn submit it to the court (CPL 330.20 [5]). Within 10 days of receipt of the report, the court must conduct an initial hearing to determine the defendant’s present mental condition. At the hearing, the district attorney must establish that the defendant has (1) a dangerous mental disorder, (2) is mentally ill (CPL 330.20 [6]), or (3) does not have a dangerous mental disorder and is not mentally ill (CPL 330.20 [7]). These three outcomes are known as “Track 1,” “Track 2,” and “Track 3” (.Matter of Jill ZZ., 83 NY2d 133 [1994]). Track 1 petitioners remain in a secure facility subject to continued judicial supervision until no longer dangerous (CPL 330.20 [1] [f]; [6], [8]; Matter of Jill ZZ., supra).
The meaning of the terms “dangerous mental disorder,” “mental illness,” and “mentally ill” are statutorily defined. Dangerous mental disorder is defined by CPL 330.20 (1) (c). It requires (i) that a defendant currently suffer from a mental illness as that term is defined in subdivision (20) of section 1.03 of the Mental Hygiene Law, and (ii) that because of such condition, he currently constitutes a physical danger to himself or others. Mentally ill is defined under CPL 330.20 (1) (d). It requires that the defendant currently suffers from a mental illness for which in-patient care at a psychiatric center is required. Mental illness, as defined by Mental Hygiene Law § 1.03 (20), means an affliction with a mental disease or mental condition which is manifested by a disorder or disturbance in behavior, feeling or thinking or judgment to such an extent *562 that the person afflicted requires care, treatment and rehabilitation.
Criminal Procedure Law § 330.20 (16) permits a person in custody pursuant to a commitment order to obtain a rehearing if dissatisfied with the order and review of the proceedings and if such order is in accordance with section 9.35 or section 15.35 of the Mental Hygiene Law. Mental Hygiene Law § 9.35 states in part that the Supreme Court “justice shall cause a jury to be summoned and shall try the question of mental illness and the need for retention of the patient so authorized to be retained.” If it is determined that the defendant is mentally ill and in need of retention, an order authorizing continued retention under the original order shall be made (Mental Hygiene Law § 9.35).
The scope of the rehearing and review is limited by this provision which refers to the procedures of Mental Hygiene Law § 9.35. If it is determined by the jury or the judge in those cases where a jury has been waived that the defendant is mentally ill, the justice shall certify that fact and make an order authorizing retention under the original order (Mental Hygiene Law § 9.35). Once it is determined at a rehearing and review that the defendant is mentally ill by either the jury or the judge, the original order and the original “track” apply. The original decision regarding the track survives because the statute only authorizes review of the finding that the defendant is mentally ill. Therefore, the defendant is not entitled to a rehearing and review of every issue raised at the initial hearing. As an alternative to seeking a rehearing and review, a defendant may appeal the decision of the court after the initial hearing (CPL 330.20 [21]). The appeal can include the issue of whether the defendant is currently a danger to himself or others (see e.g. Matter of George L., 85 NY2d 295 [1995]). (The defendant may also seek to appeal the decision rendered after the rehearing and review [CPL 330.20 (21)].)
The limitation of the jury’s determination to the issue of mental illness has been affirmed by numerous decisions (see Matter of Watkins R. v Berry, 276 AD2d 492 [2d Dept 2000]; Matter of Barber v Rochester Psychiatric Ctr., 250 AD2d 87 [4th Dept 1998]; Matter of Maureen A. v Wack, 153 Misc 2d 600 [Sup Ct, NY County 1991]). Although a due process consideration may be triggered by the decision to transfer from a nonsecure facility to a secure facility, a right to a jury trial is not triggered. The triggering of a right to due process does not necessarily equate to the triggering of a jury trial right and the procedures contained in CPL 330.20 satisfy the requirement of *563 procedural due process (Matter of Francis S., 87 NY2d 554 [1995]).
Conclusions of Law
a. Petitioner is Entitled to a Jury Trial
There is no question that the petitioner is entitled to a jury trial upon the issue of mental illness and the need for retention upon a rehearing and review. Petitioner need only express dissatisfaction with the prior decision to trigger the right to a trial by jury (see Watkins R. v Berry, 276 AD2d 492 [2d Dept 2000]). The question brought to this court is whether the right to a jury trial triggered by the petitioner’s stated dissatisfaction requires that a jury trial be held when there is no triable issue of fact. Does the very nature of these proceedings preclude a motion made pursuant to CPLR 3212?
b. The Proceedings are Civil in Nature
A rehearing and review is a civil proceeding as defined by statute and prior decisions. Civil Practice Law and Rules § 105 (d) defines the term “civil judicial proceeding” as “a prosecution, other than a criminal action, of an independent application to a court for relief.” The term “criminal action” is defined in Criminal Procedure Law § 1.20 (16) which states, in pertinent part, a “criminal action (a) commences with the filing of an accusatory instrument against a defendant in a criminal court * * * (b) includes the filing of all further accusatory instruments directly derived from the initial one * * * and (c) terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case.” A rehearing and review is not, under this definition, a criminal action. Moreover, the Court of Appeals has found these proceedings to be civil proceedings (People v Escobar, 61 NY2d 431 [1984]). This decision and those that follow have permitted disparate treatment of persons under civil commitment and those committed under CPL 330.20 (Matter of Oswald N., 87 NY2d 98 [1995]). The disparate treatment does not add to the burden or responsibilities of the Commissioner as a result of the defendant being part of an “exceptional class of individuals” because of the state’s dual interest in protecting their interest and the interest of society (see People ex rel. Henig v Commissioner of Mental Hygiene, 43 NY2d 334 [1977]). Likewise, it creates no special exemption from the provisions of the CPLR with respect to a defendant’s right to a jury trial in the face of a motion for summary judgment. This type of proceeding is unquestionably civil in nature by the definitions contained in the CPLR and the CPL *564 and by the interpretations of these statutes and others by the courts.
c. There is No Prohibition Against the Granting of a CPLR 3212 Motion
Does the fact that a defendant is entitled to a jury trial in this type of action require that he be given one in the absence of a triable question of fact? It is well established that a defendant has a right to a jury trial (Matter of Watkins R. v Berry, 276 AD2d 492 [2d Dept 2000]; CPLR 4101 [3]). Even though a party may be entitled to a trial by jury, a motion for summary judgment may be made against them because the CPLR states that “[a]ny party may move for summary judgment in any action.” (CPLR 3212 [a].) The Second Department’s decision in Watkins R. v Berry (supra) addresses a different issue than is now before the court.
The hearing court in Watkins R. v Berry (supra) was asked to strike a jury trial demand because the petitioner failed to allege a sufficient factual basis in support of a jury trial within the demand itself. The law does not require such an allegation as a condition precedent to filing a jury demand. The right to demand a jury is now well established. The question presented, however, is whether such right requires that the jury trial be conducted in the absence of any issue of fact to submit to the jury for consideration. This court finds that it does not, notwithstanding petitioner’s right to demand one based upon mere “dissatisfaction,” and does not find in the statutory scheme any such requirement to do so in the absence of a triable issue of fact. It is precisely for that reason that CPLR 3212 permits the court to dispense with a jury trial when no issue of fact exists.
Here, the Commissioner has moved for summary judgment pursuant to CPLR 3212 which gives the petitioner an opportunity to present facts “sufficient to require a trial of any issue of fact” (CPLR 3212 [b]). To obtain summary judgment, the moving party must meet a heavy burden of showing entitlement to the judgment as a matter of law and it must tender sufficient evidence to eliminate any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Once shown, petitioner must come forward with facts sufficient to show a triable issue is present (Zuckerman v City of New York, 49 NY2d 557 [1980]). Each showing must be made by producing evidentiary proof in admissible form (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]).
The Commissioner has attached to the instant motion a report of John Meyers, M.D., affirmed under the penalty of *565 perjury, which details petitioner’s psychiatric condition. According to the report, it is most likely that the petitioner suffers from paranoid schizophrenia, although it is possible that he may suffer from any of a number of grave disorders. It is clear from this report that the petitioner suffers from a dangerous mental illness and is in need of care and treatment in a secure facility.
The petitioner has offered no facts or argument in opposition nor has he controverted in any way the sworn statement of the state’s examining doctor. Instead, he argues that his statutory right to a jury trial requires a jury trial in every case where one is demanded, the absence of any triable issue notwithstanding. Petitioner fails, however, to cite any part of the statutory scheme which supports said argument. He argues in opposition to the motion “law of the case.” The argument is without merit. This issue presented by the within motion seeking summary judgment is dissimilar to that addressed in Watkins R. v Berry (supra). This cannot be the case in a civil proceeding.
The petitioner’s motion for sanctions takes up a large part of the response to the summary judgment motion. The Commissioner’s motion for summary judgment does have merit, it is not frivolous and does not warrant the imposition of sanctions.
Accordingly, it is hereby ordered that the motion to strike the jury demand is hereby denied; ordered that the motion for summary judgment is hereby granted; and it is further ordered that the cross motion for sanctions is denied in its entirety.