■ CATHERINE Y. WOODFORD, Respondent, v BENEDICT COMMUNITY HEALTH CENTER et al., Appellants, et al., Defendant.—Weiss, J. P. Appeal from an order of the Supreme Court (Lynch, J.), entered October 31, 1990 in Schenectady County, which, *inter alia,* denied motions by various defendants to dismiss the complaint against them on the ground of immunity.

A defendant's CPLR 3211 (a) (11) motion to dismiss the complaint must be made before service of the answer. The inclusion of a statutory defense in the answer neither preserves nor extends the time within which to make a dismissal motion. Supreme Court, therefore, was correct in denying the motions made in this case on behalf of the individual defendants who asserted immunity from liability as unpaid directors of not-for-profit corporations *(see,* Not-For-Profit Corporation Law § 720-a).

Plaintiff commenced this action against, among others, defendant Benedict Community Health Center and the individual members of its Board of Directors for breach of her employment contract and wrongful discharge. Plaintiff also sued defendant Upper Hudson Primary Care Consortium, as well as the individual members of its Board of Directors. Also named as a defendant was John Rugge, the chief of Upper Hudson. As to these defendants plaintiff claimed that they interfered with her alleged employment contract by willfully and maliciously provoking and inducing Benedict to discharge her. Supreme Court denied the separate motions made pursuant to CPLR 3211 (a) (11) by Benedict and Upper Hudson on behalf of their individual board members because the motions were made long after service of their respective answers, each of which asserted as an affirmative defense the immunity from

liability granted to unpaid directors under Not-For-Profit Corporation Law § 720-a. In our view, the court correctly held that CPLR 3211 (e) fails to include any reference as to the time when a motion under the grounds set forth in the newly enacted CPLR 3211 (a) (11) must be made. Absent such provision, the motions should have been made before service of the responsive pleadings, in this case, the answers. Therefore, Supreme Court's order denying the motions must be affirmed.

We take this opportunity to note that, because the answers of defendants pleaded the affirmative defenses available under Not-For-Profit Corporation Law § 720-a, Supreme Court was empowered under CPLR 3211 (c) upon adequate notice given to all parties to treat the motions as if they were for summary judgment (see, Mihlovan v Grozavu, 72 NY2d 506). Alternatively, the moving defendants could have and still may move for summary judgment under CPLR 3212.

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.