■ CATHERINE Y. WOODFORD, Respondent, v BENEDICT COMMUNITY HEALTH CENTER et al., Appellants, et al., Defendants. —Mahoney, J. Appeal from an order of the Supreme Court (Lynch, J.), entered July 17, 1991 in Schenectady County, which, *inter alia,* denied a motion by certain defendants to dismiss the second cause of action of the complaint for failure to state a cause of action.

In this action arising out of the termination of plaintiff's employment as executive director of defendant Benedict Community Health Center, she seeks recovery for, *inter alia,* breach of employment contract and wrongful discharge. Examination of the record reveals that during September 1983, plaintiff entered into a one-year personal service contract with Benedict's Board of Directors under which she was to act as Benedict's executive director. The contract terms expressly provided for termination of the contract by either party for just cause upon 60 days' written notice. Upon expiration of the stated term, plaintiff and the Board entered into two more successive one-year contracts identical in terms to the original except for salary. In 1986, they evidently entered into a three-year employment contract. While the fact of this agreement is entered in the minutes of the Board's December 15, 1986

meeting, the written contract has not been produced by the parties and is not contained in the record. In 1988 the Board terminated plaintiff's employment, prompting this action.

Following joinder of issue, Benedict and the Board (hereinafter collectively referred to as defendants) made an unsuccessful motion to dismiss the complaint pursuant to CPLR 3211 (a) (11) *(see,* 176 AD2d 1115). Thereafter, they moved again, this time under CPLR 3211 (a) (7), to dismiss plaintiff's second cause of action which sought as special damages for the asserted wrongful discharge in futuro earnings for a period following expiration of the three-year term, asserting that such was unrecoverable as a matter of law. Supreme Court noted that this latter motion violated the single motion rule *(see,* CPLR 3211 [e]), declined defendants' request to treat it as a motion for summary judgment and denied the motion in its entirety. By way of explanation, the court noted that the question of whether there was a valid and enforceable contract in existence at the time plaintiff was discharged presented a contested factual issue rendering summary judgment inappropriate. Defendants appeal.

We affirm. Under the circumstances, we see no abuse of discretion in Supreme Court's refusal to treat defendants' motion as one for summary judgment. Despite defendants' contentions to the contrary, to the extent that plaintiff can sustain her burden of proving the existence of a valid and enforceable contract at the time she was terminated, we believe the second cause of action set forth in the complaint states a cognizable claim. It is well established that while an employee alleging wrongful discharge prior to expiration of the term set forth in the employment contract is entitled to recover as actual damages " 'the wage that would be payable during the remainder of the term reduced by the income which the discharged employee has earned, will earn, or could with reasonable diligence earn during the unexpired term' " *(Hollwedel v Duffy-Mott Co.,* 263 NY 95, 101, quoting *McClelland v Climax Hosiery Mills,* 252 NY 347, 358; *see, Cornell v T. V. Dev. Corp.,* 17 NY2d 69, 74), he or she may also recover special damages to the extent that they are shown to be in the contemplation of the parties at the time the contract is made *(see,* 52 NY Jur 2d, Employment Relations, § 264, at 340; *cf., Wakeman v Wheeler & Wilson Mfg. Co.,* 101 NY 205; *Hadley v Baxendale,* 9 Exch 341, 156 Eng Rep 145). While perhaps unlikely, to the extent that the purported contract provided for additional renewal terms at plaintiff's option *(see, Dixie Glass Co. v Pollak,* 341 SW2d 530 [Tex], *affd* 162 Tex 440, 347

SW2d 596) or plaintiff otherwise can establish that continued employment was specifically contemplated or promised, she may be able to recover the special damages alleged in the second cause of action.*

Mikoll, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.

---

* It is well established that all damages alleged to have been caused by a breach of contract may be included in a single cause of action *(see, Harding Park Owners v Young,* 146 NYS2d 718, 722, *affd* 2 AD2d 884; *Dailey v Standard Shipbuilding Corp.,* 179 App Div 647; 36 NY Jur 2d, Damages, § 192, at 322-323). Accordingly, while it was unnecessary for plaintiff to plead the special damages claim as a separate and distinct cause of action, because there is no substantial prejudice as a result of this apparent defect it may properly be overlooked *(see,* CPLR 3026).