JERI S. A. SILVIN et al., Respondents, v SHARON M. KARWOSKI, Appellant. [662 NYS2d 656] —Order unanimously affirmed with costs. Memorandum: In the absence of prejudice to the nonmoving party and where the amendment is not "plainly lacking in merit" (*Sabol & Rice v Poughkeepsie Galleria Co.*, 175 AD2d 555, 556), leave to amend pleadings should be "freely given" (CPLR 3025 [b]). In light of the facts that defendant, who had a serious long-term alcohol problem, drove her automobile at the time of the accident with a blood alcohol level of .23%; was staggering and needed support to walk when the police arrived; and, by her own admission, drove her automobile when she knew that she was too intoxicated to do so, it cannot be said that plaintiffs' proposed amendment seeking punitive damages is lacking in merit (*see, Rinaldo v Mashayekhi*, 185 AD2d 435, 436). Further, defendant failed to show that she would be prejudiced by the amendment. "Prejudice * * * is not found in the mere exposure of the defendant to greater liability" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23, *rearg denied* 55 NY2d 801).

Contrary to defendant's contention, when the action was commenced, plaintiffs were not aware of the facts underlying their claim for punitive damages (i.e., the extent and nature of defendant's alcohol problem). Plaintiffs offered a good and sufficient reason for bringing their motion to amend after the deposition was held, at which time they first became aware of defendant's history of alcoholism and the full extent of defendant's disability on the day of the accident. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Amend Pleading.) Present—Lawton, J. P., Wisner, Boehm and Fallon, JJ.