■ ROGER SAM et al., Appellants, v JERRY ZELMAN et al., Respondents. [675 NYS2d 894] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered August 26, 1997, which, upon the granting of the defendants' motion to set aside the jury verdict in favor of the plaintiffs and to dismiss the complaint for failure to present a prima facie case, is in favor of the defendants and against them.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion to set aside the jury verdict and to dismiss the complaint for failure to prove a prima facie case is denied, the verdict in favor of plaintiffs is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment in accordance herewith.

"In considering a motion for [judgment during trial as a matter of law] the test to be applied is not founded upon a weighing of the evidence, but rather, in taking the case from the jury, the trial court must find 'that by no rational process could the trier of facts base a finding in favor of the [plaintiff] upon the evidence * * * presented'" (*Lipsius v White,* 91 AD2d 271, 276-277, quoting *Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245; *see also, Aetna Cas. & Sur. Co. v Garrett,* 37 AD2d 750, 751). Here, the plaintiffs presented sufficient evidence from which the jury could rationally conclude that the malpractice of the defendant Jerry Zelman was a proximate cause

of the injuries to the plaintiff Roger Sam. Thus, the trial court improperly set aside the jury verdict in favor of the plaintiffs. Pizzuto, J. P., Santucci, Altman and Luciano, JJ., concur.