■ PIONEER INSURANCE COMPANY, as Subrogee of MALCOLM WETMORE, SR., and Another, Appellant-Respondent, v GRIFFITH OIL CO., INC., Respondent-Appellant. [699 NYS2d 857] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied defendant's cross motion for summary judgment dismissing the complaint in this action commenced by plaintiff, Pioneer Insurance Company, as subrogee of Malcolm Wetmore, Sr. and Elsie Wetmore. At the request of Malcolm Wetmore, defendant delivered a used 300-gallon above ground gasoline storage tank to him. It was later discovered that approximately 260 gallons of gasoline were missing from the tank and that the soil and groundwater were contaminated by gasoline. Although defendant established its entitlement to judgment as a matter of law by demonstrating that tests performed indicated that there was no leak in the tank, plaintiff raised a triable issue of fact sufficient to defeat the motion (see generally, Zuckerman v City of New York, 49 NY2d 557, 562). Plaintiff submitted the affidavit of the Wetmores' son, who stated that he felt gasoline on the underside of the tank and detected a strong odor of gasoline in the vicinity of the tank. Plaintiff also submitted the deposition testimony of defendant's manager, who stated that there appeared to be a leak in the front seam of the tank. Furthermore, plaintiff's expert stated in an affidavit that it was possible that the leak had been repaired and that additional testing may detect the leak.

The court also properly denied that part of plaintiff's cross motion for leave to amend the complaint to allege causes of action for trespass, nuisance and a claim that the leak was caused by a defective pump. Although motions to amend pleadings are to be freely granted (see, CPLR 3025 [b]), plaintiff did not provide the court with any supporting documentation to warrant amending the complaint (cf., Silvin v Karwoski, 242 AD2d 945, 946). Because the location of the pump is unknown, defendant would be prejudiced if plaintiff were permitted to allege that the pump was the cause of the leak (see, Silvin v Karwoski, supra, at 945). Moreover, the claim that the leak was caused by a defective pump is based only on speculation (cf., Silvin v Karwoski, supra, at 946).

The court erred, however, in granting that part of plaintiff's cross motion for leave to amend the complaint to add a cause of action for breach of warranty. Even assuming, arguendo,

that Malcolm Wetmore purchased the tank, we conclude that there is no cause of action for breach of warranty because the legend on the bill of sale stated that the tank was sold in "as is, where is condition" (see, UCC 2-316 [1], [3] [a]). We modify the order, therefore, by denying plaintiff's cross motion in its entirety. (Appeals from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Wisner and Scudder, JJ.