■ CARLTON BOYKIN, Respondent, v BRIAN A. MORA, Appellant. [711 NYS2d 904] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), dated September 27, 1999, which denied his motion for partial summary judgment dismissing the demand for punitive damages.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the demand for punitive damages is dismissed.

Punitive damages are available to vindicate a public right only where the actions of the alleged tortfeasor constitute either gross recklessness or intentional, wanton, or malicious conduct aimed at the public generally, or were activated by evil or reprehensible motives (*see, Nooger v Jay-Dee Fast Delivery,* 251 AD2d 307; *Zabas v Kard,* 194 AD2d 784). Evidence that a defendant was driving while intoxicated is insufficient by itself to justify the imposition of punitive damages (*see, Taylor v Dyer,* 190 AD2d 902; *Rinaldo v Mashayekhi,* 185 AD2d 435; *Sweeny v McCormick,* 159 AD2d 832). While the defendant's flight from the scene of the accident might be considered reprehensible, such conduct did not proximately cause any of the plaintiff's injuries (*see, Taylor v Dyer, supra*). Thus, the defendant was entitled to partial summary judgment dismissing the demand for punitive damages. Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.