■ Murugan Arumugam et al., Respondents, v David M. Smith et al., Appellants. [716 NYS2d 518] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Murugan Arumugam (plaintiff) when he was struck by a vehicle operated by David M. Smith (defendant) and owned by defendant Rigidized Metals Corp. Supreme Court properly granted plaintiffs' motion for partial summary judgment on the first cause of action, alleging negligence. "Although summary judgment is a drastic remedy and there is considerable reluctance to grant it in negligence actions, the motion should be granted when there is no genuine issue to be resolved at trial" (*McGraw v Ranieri,* 202 AD2d 725, 726). Plaintiffs established that the sole proximate cause of the accident was the loss of control of the vehicle by defendant resulting from his intoxication and excessive speed, and defendants failed to raise an issue of fact concerning proximate cause. Any negligence on the part of plaintiff "was not a proximate or legal cause of the plaintiff's injuries, but merely furnished the condition for the event's occurrence" (*Zulli v Halleran,* 198 AD2d 347, 348; *see also, Hallett v Akintola,* 178 AD2d 744, 745).

The court also properly denied defendants' cross motion for partial summary judgment dismissing the third cause of action, alleging gross negligence, recklessness and wanton conduct by defendant and seeking punitive damages. The record raises a triable issue of fact whether defendant's conduct was "so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (*Rinaldo v Mashayekhi,* 185 AD2d 435, 436; *see, Rahn v Carkner,* 241 AD2d 585, 586). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.