HELEN KOLODZIEJCZYK, Respondent, v ABSCOPE ENVIRONMENTAL, INC., Also Known as ABSCOPE, et al., Appellants. [720 NYS2d 430] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover for personal injuries sustained by her when her vehicle collided with a truck driven by defendant Robert G. Gray and owned by defendant Abscope Environmental, Inc. Defendants appeal from an order that denied, without prejudice to renew at trial, plaintiff's motion to amend the complaint to demand punitive damages based on allegedly reckless conduct by Gray; granted that part of "Defendants' Cross Motion for permission to concede liability upon the trial of this matter * * * to the extent that they may do so if they choose to"; and ordered that, "notwithstanding the denial of the Plaintiff's Motion to Amend

her Complaint at this time, the Plaintiff may nevertheless prove the facts, circumstances, and occurrences of the motor vehicle accident which is the subject of this lawsuit, even if the Defendants choose to concede liability." Although Supreme Court failed to rule on that part of defendants' cross motion to bifurcate or trifurcate the trial, the failure to rule is deemed a denial (*see, Brown v U. S. Vanadium Corp.,* 198 AD2d 863, 864).

The court should have denied with prejudice plaintiff's motion to amend the complaint to allege reckless conduct and demand punitive damages. The alleged conduct of Gray was not so reckless, wanton or grossly negligent as to amount to a conscious disregard for the rights of others, and thus it does not support a claim for punitive damages (*see, Cushing v Seemann,* 247 AD2d 891, 893; *Sweeney v McCormick,* 159 AD2d 832, 834; *cf., Arumugam v Smith,* 277 AD2d 979). We therefore modify the order by deleting from the first ordering paragraph the language "without prejudice to renew such Motion upon the trial of this matter." In light of our determination, we further modify the order by deleting the second ordering paragraph, which allowed plaintiff to "prove the facts, circumstances, and occurrences of the motor vehicle accident * * * even if the Defendants choose to concede liability."

We discern no basis on this record to disturb the denial of that part of defendants' cross motion seeking bifurcation of trial, as the record affords us no basis upon which to determine at this stage whether the trial should be bifurcated (*see generally,* CPLR 603; 22 NYCRR 202.42). (Appeal from Order of Supreme Court, Onondaga County, Centra, J.—Amend Pleading.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.