■ NICOLE A. PARKHILL, Respondent-Appellant, et al., Plaintiff, v JOHN M. CLEARY et al., Appellants-Respondents. [759 NYS2d 262] —Appeal and cross appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered April 23, 2002, which granted in part defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of defendants' motion with respect to the category of permanent consequential limitation of use of a body organ or member and reinstating the complaint with respect to that category of serious injury and as modified the order is affirmed without costs.

Memorandum: Defendants appeal and Nicole A. Parkhill (plaintiff) cross-appeals from an order granting in part defendants' motion for summary judgment dismissing the complaint. Plaintiff was allegedly injured when the vehicle that she was driving collided with a vehicle driven by John M. Cleary (defendant) (*see* Insurance Law § 5102 [d]). Supreme Court dismissed the complaint to the extent that it alleges that plaintiff sustained a serious injury under the categories of permanent consequential limitation of use of a body organ or member, 90/180 days, and permanent loss of use of a body organ, member, function or system but otherwise denied the motion.

We conclude that the court properly denied that part of the motion with respect to the category of significant limitation of use of a body function or system but erred in granting that

part of the motion with respect to the category of permanent consequential limitation of use. With respect to those two categories of serious injury, "[w]hether a limitation of use or function is significant or consequential (i.e., important * * *) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002] [internal quotation marks omitted]). There must be objective proof of plaintiff's injury (*see id.* at 350). In addition, the expert must provide either "a numeric percentage of a plaintiff's loss of range of motion" or a *"qualitative* assessment of a plaintiff's condition * * *, provided that the evaluation * * * compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*id.*).

Defendants met their initial burden with respect to those two categories of serious injury by the affidavit of their expert, who opined that plaintiff had a soft tissue injury that had resolved and that there was no objective medical evidence that plaintiff sustained a significant or permanent injury in the motor vehicle accident (*see Sewell v Kaplan*, 298 AD2d 840 [2001]; *Hassam v Rock*, 290 AD2d 625 [2002]; *Monk v Dupuis*, 287 AD2d 187, 188-189 [2001]). Contrary to plaintiff's contention, the technical defects in the jurat of the affidavit of defendants' expert do not invalidate the official act of the notary public (*see* Executive Law § 137). We agree with plaintiff, however, that she raised a triable issue of fact with respect to those two categories of serious injury by submitting the affidavit of her chiropractor and the affirmation of her doctor, along with their accompanying reports (*see Toure*, 98 NY2d at 352). Plaintiff's chiropractor and doctor each had examined plaintiff shortly after defendants moved for summary judgment, and each relied upon objective evidence of plaintiff's injury and provided numeric percentages of plaintiff's loss of range of motion as well as qualitative assessments of plaintiff's condition. In addition, each opined that plaintiff's injuries were permanent and significant. We thus modify the order by denying that part of defendants' motion with respect to the category of permanent consequential limitation of use of a body organ or member and reinstating the complaint with respect to that category of serious injury.

The court properly granted that part of defendants' motion with respect to the 90/180 category of serious injury. With respect to that category, there must be evidence that plaintiff's

activities were curtailed to a great extent (*see Licari v Elliott,* 57 NY2d 230, 236 [1982]; *Sands v Stark,* 299 AD2d 642, 642-643 [2002]; *Van Norden-Lipe v Hamilton,* 294 AD2d 749 [2002]). In addition, there must be objective evidence of "a medically determined injury or impairment of a non-permanent * * * nature" (Insurance Law § 5102 [d]; *see Nitti v Clerrico,* 98 NY2d 345, 357 [2002]; *Sands,* 299 AD2d at 642-643; *Van Norden-Lipe,* 294 AD2d at 749). Defendants met their initial burden by submitting excerpts from plaintiff's deposition, wherein plaintiff admitted that she missed only six weeks of work after the accident. In opposition to defendants' motion, plaintiff failed to raise a triable issue of fact whether she was unable to perform substantially all of the material acts that constituted her usual and customary daily activities (*see Ocasio v Henry,* 276 AD2d 611, 612 [2000]). In her opposing affidavit, plaintiff admitted that she missed only six weeks of work after the accident and sporadic days thereafter, and she further indicated that she was able to return to school after the accident.

Plaintiff does not address on appeal the dismissal of that part of her complaint alleging the permanent loss of use category of serious injury and thus has abandoned any issue concerning that category (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]).

Finally, we conclude that the court properly denied that part of defendants' motion for summary judgment dismissing the claim for punitive damages. Evidence that a defendant was driving while intoxicated will not by itself justify the imposition of punitive damages (*see Boykin v Mora,* 274 AD2d 441, 442 [2000]; *Rinaldo v Mashayekhi,* 185 AD2d 435 [1992]; *Sweeney v McCormick,* 159 AD2d 832, 834 [1990]). Rather, there must in addition be "a showing of wanton or reckless conduct" (*Sweeney,* 159 AD2d at 834). Here, plaintiff submitted evidence that defendant had previously been convicted of driving while intoxicated (DWI) and that he pleaded guilty to felony DWI as a result of this accident. Plaintiff also submitted her own deposition testimony in which she testified that defendant was speeding at the time of the accident and went through a stop sign, colliding with her vehicle. Thus, plaintiff thereby raised an issue of fact whether "defendant's conduct was 'so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others'" (*Arumugam v Smith,* 277 AD2d 979, 979 [2000], quoting *Rinaldo,* 185 AD2d at 436). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.