■ JESSE FEENEY, Respondent, v HENRY KLOTZ, Appellant. [765 NYS2d 639] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (McDonald, J.), entered September 26, 2002, which, upon a jury verdict on the issue of damages, is in favor of the plaintiff and against him in the principal sum of $100,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff brought the instant action to recover damages for personal injuries allegedly sustained in a two-vehicle accident with the defendant. After obtaining a judgment on the issue of liability, the case proceeded to a trial on damages. The jury returned a verdict finding that the plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature that prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 out of the first 180 days immediately following the accident, and awarded him $100,000 in damages.

We reverse the judgment and dismiss the complaint because the plaintiff failed to establish a prima facie case that he sustained an injury under the 90/180-day category of serious injury (*see* Insurance Law § 5102 [d]), and therefore, "no rational jury could find that the plaintiff sustained a serious injury based upon the evidence presented" (*Crespo v Kramer,* 295 AD2d 467, 468 [2002]; *see Szczerbiak v Pilat,* 90 NY2d 553 [1997]; *Zeldin v Mendelsohn,* 288 AD2d 468 [2001]; *Sam v Zelman,* 252 AD2d 550 [1998]). The plaintiff, who was a student when the accident occurred, missed no time from school following the accident. Thus, he failed to establish a prima facie case that he sustained a medically-determined injury which prevented him from performing substantially all of the material acts which constitute his usual and customary daily activi-

ties for at least 90 of the first 180 days following the accident (*see Crespo v Kramer, supra; Parkhill v Cleary,* 305 AD2d 1088, 1089-1090 [2003]; *Lynch v Williams,* 265 AD2d 870, 872 [1999]; *Lashway v Groshans,* 241 AD2d 832, 834 [1997]; *Ciaccio v J&R Home Improvements,* 149 AD2d 558 [1989]). Feuerstein, J.P., Friedmann, McGinity and Schmidt, JJ., concur.