■ LYSSA BRENNAN, Appellant, v NEAL SHAPIRO, Respondent.
[785 NYS2d 100]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 31, 2003, (2) an amended order of the same court entered April 18, 2003, which granted the defendant's motion for summary judgment dismissing the complaint and on his counterclaim, and (3) a judgment of the same court dated May 27, 2003, which, upon the amended order, is in favor of the defendant and against her in the principal sum of $20,000 on the counterclaim and dismissing the complaint.

Ordered that the appeals from the order and the amended order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeals from the order and the intermediate amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). In addition, the order was superseded by the amended order. The issues raised on the appeal from the amended order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The sole warranty made by the defendant in connection with the sale of the subject horse was, as expressly stated in the bill of sale, that "[t]he Seller warrants that the property is being transferred to the Buyer free and clear of any liens and encumbrances." The bill of sale further stated that "[t]he above property is sold on an 'AS IS' basis. The Seller makes no warranties, express or implied (except as specifically stated above)." As a result, under UCC 2-316, any implied warranties were excluded by the disclaimer contained in the bill of sale (*see* UCC 2-316 [3]; *see also Pioneer Ins. Co. v Griffith Oil Co.,* 267 AD2d 945 [1999]; *Sky Acres Aviation Servs. v Styles Aviation,* 210 AD2d 393, 394 [1994]). Accordingly, the plaintiff's claims, all of which were based upon representations not contained in the bill of sale, were barred.

Further, the defendant was entitled to summary judgment on his counterclaim. The defendant established both the existence of a promissory note executed by the plaintiff and her nonpay-

ment according to its terms. Therefore, the defendant demonstrated entitlement to judgment on the balance due (*see Simoni v Time-Line, Ltd.,* 272 AD2d 537, 538 [2000]; *Elmsford-Interstate Bldg. Material Corp. v Elm Ridge Mgt.,* 243 AD2d 675 [1997]; *Ihmels v Kahn,* 126 AD2d 701 [1987]). It was then incumbent upon the plaintiff to demonstrate, by admissible evidence, "the existence of a triable issue with respect to a bona fide defense" (*Colonial Commercial Corp. v Breskel Assoc.,* 238 AD2d 539 [1997]; *see also Simoni v Time-Line Ltd., supra*). The plaintiff failed to provide such evidence. Smith, J.P., Adams, Crane and Skelos, JJ., concur.