■ F. O'Brian Burns et al., as Parents and Natural Guardians of Meghan Burns, an Infant, Appellants, v Patricia McCabe et al., Respondents. [794 NYS2d 267]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered November 25, 2003 in a personal injury action. The order granted defendants' motion for summary judgment and cross motion for preclusion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by their daughter, Meghan, resulting from an automobile accident in October 2001. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint on the ground that Meghan did not sustain a serious injury. With respect to the 90/180 category of serious injury, defendants established that Meghan's activities were not curtailed to a great extent (see generally Licari v Elliott, 57 NY2d 230, 236 [1982]), and plaintiffs failed to raise a triable issue of fact. The evidence established that Meghan returned to school a week after the accident and missed only five weeks of work at her part-time job (see Feeney v Klotz, 309 AD2d 782 [2003]; Parkhill v Cleary, 305 AD2d 1088, 1090 [2003]). Although there was evidence that Meghan could not participate in some activities, such as gym class and dancing, that is insufficient to show that she "was unable to perform substantially all of the material acts that constituted her usual and customary daily activities" (Parkhill, 305 AD2d at 1090; see Feeney, 309 AD2d at 782-783).

With respect to the permanent consequential limitation of use

of a body organ or member and significant limitation of use of a body function or system categories of serious injury, defendants again met their initial burden and plaintiffs failed to raise a triable issue of fact. Defendants submitted the report of their independent medical examiner, who found no objective evidence of Meghan's subjective complaints of low back discomfort. In opposition to the motion, plaintiffs submitted the affidavit and reports of Meghan's chiropractor, who first examined Meghan on September 13, 2003. The court properly granted defendants' cross motion to preclude that evidence. Plaintiffs did not turn over those reports to defendants until later than 30 days prior to trial, in contravention of 22 NYCRR 202.17 (g). Plaintiffs did not make any showing of good cause to allow that evidence at trial "in the interests of justice" (22 NYCRR 202.17 [h]), and thus the court did not abuse its discretion in precluding that evidence, not just at trial, but also in opposition to defendants' motion for summary judgment. Present—Scudder, J.P., Kehoe, Martoche, Smith and Hayes, JJ.