MEGAN E. SCHRAGEL, Appellant, v STEPHEN JUSZCZYK, Respondent, et al., Defendant. [844 NYS2d 532]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 13, 2006 in a personal injury action. The order granted the motion of defendant Stephen Juszczyk to dismiss the claim for punitive damages against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the claim for punitive damages against defendant Stephen Juszczyk is reinstated.

Memorandum: Plaintiff commenced this action seeking compensatory and punitive damages for injuries she sustained when the motor vehicle she was operating was struck by a vehicle operated by Stephen Juszczyk (defendant) and owned by defendant GMAC Leasing Corporation. We agree with plaintiff that Supreme Court erred in granting the motion of defendant to dismiss plaintiff's claim for punitive damages against him. We conclude on the record before us that plaintiff raised "a triable issue of fact whether defendant's conduct was 'so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others' " (*Arumugam v Smith*, 277 AD2d 979 [2000]). Although the fact that defendant pleaded guilty to driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) "is insufficient by itself to justify the imposition of punitive damages" (*Boykin v Mora*, 274 AD2d 441, 442 [2000]; *see Parkhill v Cleary*, 305 AD2d 1088, 1090 [2003]; *Taylor v Dyer*, 190 AD2d 902, 903 [1993]; *Sweeney v McCormick*, 159 AD2d 832, 834 [1990]), in this case plaintiff raised an issue of fact whether defendant engaged in the requisite wanton and reckless conduct in addition to intoxication to warrant the imposi-

tion of punitive damages (*see e.g. Parkhill*, 305 AD2d at 1090; *Letterman v Reddington*, 278 AD2d 868 [2000]; *Arumugam*, 277 AD2d 979 [2000]; *Silvin v Karwoski*, 242 AD2d 945 [1997]). Plaintiff established that the breathalyzer test administered by the police indicated that defendant had a blood alcohol content of .26%. Moreover, although defendant testified at his deposition that he had refused to participate in field sobriety tests because he knew that he would fail them, plaintiff submitted police reports establishing that defendant in fact participated in several field tests and failed each one. Defendant further testified at his deposition that, in the three to four hours prior to the accident, he consumed four 22-ounce beers and four or five shots containing tequila, that he could not recall the speed at which he was traveling when he exited the parking lot of the shopping plaza where he had consumed the alcohol, and that he could not recall whether he stopped at the stop sign posted at the parking lot exit or whether he had seen plaintiff's vehicle at any time before the accident. Thus, "taking into account the nature of [defendant's] conduct and the level of his intoxication" (*Sweeney*, 159 AD2d at 834), including defendant's " 'heedlessness and . . . utter disregard' for the 'rights and safety of others' " (*id.*), we conclude on the record before us that plaintiff raised an issue of fact whether an award of punitive damages is warranted. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.