■ RONALD J. SCONIERS, Respondent, et al., Plaintiff, v KELLY L. BARBER et al., Defendants, and MICHELLE RAGUSA et al., Appellants. [857 NYS2d 410]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 16, 2007 in a personal injury action. The order denied the motion of defendants Michelle Ragusa and Michael Ragusa for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Ronald J. Sconiers (plaintiff) in a motor vehicle accident, alleging that he sustained a serious injury under the categories of permanent consequential limitation of use and significant limitation of use (*see* Insurance Law § 5102 [d]). Michelle Ragusa and Michael Ragusa (defendants) moved for summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We conclude that Supreme Court properly denied the motion. In support thereof, defendants submitted the report of the physi-

cian who examined plaintiff on their behalf. That physician concluded that plaintiff's "cervical spine range of motion is limited in flexion/extension, and right and left rotation" but that plaintiff had no disability relating to the motor vehicle accident. In opposition to the motion, plaintiffs submitted the affirmation of plaintiff's treating physician, who indicated that, based on a lumbar MRI, plaintiff had severe L4-5 and L5-S1 disc herniations with marked disc desiccation, that his lumbar range was 45% to 50% of normal and his cervical range of motion was 50% of normal, that his condition was permanent, and that the accident caused the soft tissue component of the disc herniations and activated the degenerative conditions in his spine. Even assuming, arguendo, that defendants met their initial burden on the motion, we conclude that plaintiffs raised triable issues of fact whether plaintiff sustained a serious injury under the permanent consequential limitation of use or significant limitation of use categories (*see Brown v Dunlap*, 4 NY3d 566, 577). Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.