■■■ CONCEPCION VIRELLA, III, Respondent, v ALLSTATE HOME CARE OF BUFFALO, INC., et al., Appellants, et al., Defendant. (Appeal No. 1.) [872 NYS2d 611]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered September 13, 2007 in a personal injury action. The order denied the motion of defendants Allstate Home Care of Buffalo, Inc. and Alfonso Reid for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in two motor vehicle accidents. The first accident occurred in January 2003 (January accident), when the vehicle operated by plaintiff collided with a vehicle owned and operated by defendant Neal E. Dunning. The second accident occurred in April 2003 (April accident), when the vehicle operated by plaintiff collided with a vehicle owned by defendant Allstate Home Care of Buffalo, Inc. and operated by defendant Alfonso Reid (collectively, Allstate defendants). According to plaintiff, he sustained a serious injury within the meaning of Insurance Law § 5102 (d) in each of those accidents under the permanent consequential limitation of use, significant limitation of use and 90/180 categories, as well as a serious injury in the January accident under the permanent loss of use category.

We conclude with respect to the order in appeal No. 1 that Supreme Court properly denied the motion of the Allstate defendants seeking summary judgment dismissing the complaint against them on the ground that plaintiff did not sustain a serious injury in the April accident. Even assuming, arguendo, that the Allstate defendants met their initial burden on the motion, we conclude that plaintiff raised triable issues of fact whether he sustained a serious injury in the April accident under the permanent consequential limitation of use, significant limitation of use and 90/180 categories (*see generally Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [2004]; *Parkhill v Cleary*, 305 AD2d 1088, 1089-1090 [2003]). In opposition to the motion, plaintiff submitted the affirmation of his treating orthopedic surgeon

who concluded upon reviewing the results of an MRI and other diagnostic tests and upon conducting his own objective tests that plaintiff had, inter alia, quantified limited lumbar range of motion and severe aggravation of herniated discs at levels L4-5 and L5-S1 that were causally related to the April accident (*see Parkhill*, 305 AD2d at 1089). Plaintiff also submitted the affidavit of a chiropractor who, after administering several objective tests that yielded positive results, concluded that plaintiff suffered from, inter alia, bilateral L5 radiculopathy and limited range of lumbar motion as a result of the April accident (*see id.*). Plaintiff further averred in opposition to the motion that he was physically unable to work or to perform his usual daily activities for at least three months after the April accident (*see Zeigler*, 5 AD3d at 1081; *Parkhill*, 305 AD2d at 1089-1090).

With respect to the order in appeal No. 2, the Allstate defendants contend that the court erred in granting that part of the motion of Dunning seeking summary judgment dismissing the complaint against him on the ground that plaintiff did not sustain a serious injury in the January accident. As noted by Dunning in his amended motion papers, plaintiff discontinued his action against Dunning "on the merits [and] with prejudice" by a stipulation that postdated the original motion in question, thereby rendering moot that part of the motion. We therefore modify the order in appeal No. 2 accordingly.

We further conclude, however, that the court properly granted that part of Dunning's motion seeking summary judgment dismissing the cross claim of the Allstate defendants. The stipulation discontinuing plaintiff's action against Dunning was not a release within the meaning of the General Obligations Law and thus did not extinguish the cross claim of the Allstate defendants (*see* General Obligations Law § 15-108 [d] [1]; *see generally* CPLR 3019 [b], [d]; Siegel, NY Prac § 227, at 375 [4th ed]). We conclude that Dunning met his initial burden on that part of the motion with respect to the cross claim by submitting evidence establishing that plaintiff did not sustain a serious injury in the January accident under any of the categories alleged in the complaint, as amplified by the bill of particulars (*see generally Wiegand v Schunck*, 294 AD2d 839, 839-840 [2002]). The medical evidence submitted by the Allstate defendants in opposition to Dunning's motion was limited to the issue whether plaintiff sustained a serious injury in the April accident, and we thus conclude that the Allstate defendants failed to raise a triable issue of fact sufficient to defeat that part of Dunning's motion with respect to the cross claim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, P.J., Smith, Centra and Fahey, JJ.