# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**734**

**CA 14-01809**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

RALPH A. DELEO, INDIVIDUALLY AND AS LIMITED
ADMINISTRATOR OF THE ESTATE OF THARAN J. DELEO,
DECEASED, AND AS GUARDIAN OF JOSEPH A. DELEO,
PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

COUNTY OF MONROE, ET AL., DEFENDANTS,
RG&E CORPORATION, DDS CONSTRUCTORS, LLC, AND DDS
UTILITIES, INC., DEFENDANTS-APPELLANTS.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (CLAIRE F. GALBRAITH OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

PATRICK J. BURKE, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered June 25, 2014. The order granted the motion of plaintiff for leave to amend the complaint to add a demand for punitive damages.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the motion is denied.

Memorandum: Plaintiff commenced this negligence action stemming from a motor vehicle accident that occurred when a vehicle operated by Tharan J. Deleo (decedent) collided with a vehicle operated by defendant Gregory Verhulst in the Town of Greece. Decedent made a left turn from Mill Road onto Mill Hollow Crossing as Verhulst was driving towards her on Mill Hollow Crossing. Plaintiff alleges that a mound of soil (hereafter, spoil pile) covered with snow obstructed decedent's view and that decedent could not see Verhulst's oncoming vehicle, thereby causing a collision between the two vehicles. Decedent was injured and ultimately died as a result of the collision. The spoil pile was allegedly created, in part, by defendants RG&E Corporation, DDS Constructors, LLC, and DDS Utilities, Inc. (defendants) as a result of work being done on the land adjacent to the roadway. Defendants appeal from an order that granted plaintiff's motion for leave to amend the complaint to add a demand for punitive damages based on plaintiff's allegations of defendants' "gross, wilful, wanton, and egregious conduct." We now reverse.

We conclude that a claim for punitive damages is unsupported by

the alleged facts of this case inasmuch as the alleged conduct of defendants did not "manifest spite or malice, or a fraudulent or evil motive on the part of the defendant[s], or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton" (*Marinaccio v Town of Clarence*, 20 NY3d 506, 511, *rearg denied* 21 NY3d 976 [internal quotation marks omitted]; *see Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198, *amended on rearg* 41 AD3d 1324; *Kolodziejczyk v Abscope Envtl.*, 280 AD2d 1001, 1002). Plaintiff contends that a claim for punitive damages is warranted because defendants did not have a safety plan or training regarding the placement of the spoil pile at the project and therefore violated safety and industry standards. We reject that contention. Evidence of a violation of a safety standard is an insufficient ground for granting a motion for leave to amend a complaint to add a claim for punitive damages inasmuch as such a violation does not constitute "negligence per se," but is "merely some evidence of negligence" (*Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 453; *see Cowsert v Macy's E., Inc.*, 74 AD3d 1444, 1445; *Heller v Louis Provenzano, Inc.*, 303 AD2d 20, 25; *cf. Shaheen v Hueber-Breuer Constr. Co., Inc.*, 4 AD3d 761, 762-763). "If [such a] violation . . . does not constitute negligence per se, it surely is insufficient to sustain a claim for punitive damages, which requires a significantly higher level of culpability" (*Heller*, 303 AD2d at 26). Unlike *Randi A. J. v Long Is. Surgi-Center* (46 AD3d 74), a case relied on by plaintiff, this case does not involve a "callous, reckless, or grossly negligent disregard of . . . a right protected by the declared public policy of this State" (*id. at* 82).

Finally, we reject plaintiff's contention that defendants' subsequent conduct demonstrates a "pattern of conduct and conscious disregard" for motorist safety warranting a claim for punitive damages. The alleged subsequent conduct fails to support plaintiff's motion inasmuch as plaintiff does not allege any facts that, if proven, would demonstrate that defendants " 'wilful[ly] or wanton[ly]' " left the spoil pile before the accident with a " 'criminal indifference' " to the fact that it could cause an accident (*Marinaccio*, 20 NY3d at 511; *cf. Matter of Brandon*, 55 NY2d 206, 210-212). In addition, we note that the alleged "conduct occurring after the accident did not proximately cause plaintiff['s] injuries and is outside the conduct alleged in the proposed amended complaint" (*Taylor v Dyer*, 190 AD2d 902, 904; *see Hale v Saltamacchia*, 28 AD3d 715, 715; *Boykin v Mora*, 274 AD2d 441, 442).

Entered: July 10, 2015                                     Frances E. Cafarell
                                                          Clerk of the Court