# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**216**
**CA 15-01316**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

MARY L. BARRON, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

NORTHTOWN WORLD AUTO, NORTHTOWN WORLD AUTO
CENTRE, L.L.C., AND GEORGE H. BALDUF,
DEFENDANTS-RESPONDENTS.

---

WILLIAM MATTAR P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JOSHUA P. RUBIN OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered January 28, 2015. The order, insofar as
appealed from, granted those parts of the motion of defendants seeking
summary judgment dismissing the complaint insofar as it alleged, as
amplified by the bill of particulars, that plaintiff sustained a
serious injury under the permanent consequential limitation of use and
significant limitation of use categories, and considered plaintiff's
cross motion for partial summary judgment on the issue of negligence
to be moot.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, defendants' motion is
denied in part, the complaint, as amplified by the bill of
particulars, is reinstated with respect to the permanent consequential
limitation of use and significant limitation of use categories of
serious injury within the meaning of Insurance Law § 5102 (d), and
plaintiff's cross motion is granted.

Memorandum: In this action to recover damages for injuries
sustained as the result of a rear-end motor vehicle collision,
plaintiff appeals from an order granting the motion of defendants for
summary judgment dismissing the complaint and denying plaintiff's
cross motion for partial summary judgment on the issue of defendant
driver's negligence. At the outset, we note that plaintiff contends
only that she sustained a permanent consequential limitation of use
and a significant limitation of use of her left shoulder, thereby
abandoning her other particularized claims of serious injury (*see
Austin v Rent A Ctr. E., Inc.*, 90 AD3d 1542, 1543; *Yoonessi v Givens*,
39 AD3d 1164, 1165; *see also Ciesinski v Town of Aurora*, 202 AD2d 984,
984). We agree with plaintiff that Supreme Court erred in granting

defendants' motion insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury within the meaning of those two categories.  Even assuming, arguendo, that defendants met their initial burden on the motion with respect to those categories (*see Virella v Allstate Home Care of Buffalo*, *Inc*., 59 AD3d 1100, 1101; *Sconiers v Barber*, 51 AD3d 1403, 1404), we nonetheless conclude that plaintiff raised triable issues of fact concerning the nature, extent and cause of the alleged pain and limitations in her shoulder, to which she underwent surgery within about three months of the accident (*see Kellerson v Asis*, 81 AD3d 1437, 1437-1438; *Parkhill v Cleary*, 305 AD2d 1088, 1088-1089).

We further conclude that the court erred in denying plaintiff's cross motion for partial summary judgment on the issue of defendant driver's negligence in operating his vehicle at the time of the accident, which occurred in heavy traffic on the approach to a New York State Thruway toll barrier.  It is well established that a " 'rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [nonnegligent] explanation for the accident' " (*Borowski v Ptak*, 107 AD3d 1498, 1498; *see Kabir v County of Monroe*, 68 AD3d 1628, 1633-1634, *affd* 16 NY3d 217).  Here, plaintiff met her burden of demonstrating that defendant driver was negligent and that such negligence was a proximate cause of the accident.  Defendant driver, in admitting that he drove a vehicle with a missing brake pedal pad, and claiming that his foot slipped onto the accelerator when he attempted to brake, failed to present a nonnegligent explanation and thus failed to raise a triable issue of fact sufficient to defeat the cross motion (*see Kabir*, 68 AD3d at 1633-1634).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court