In an action to recover damages for personal injuries, the defendant Sammey Ahmad appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated July 20, 2016, which denied his motion to dismiss so much of the complaint as sought to recover punitive damages as against him.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Sammey Ahmad which was to dismiss the sixth cause of action insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
 

 The plaintiff alleged that she sustained serious personal injuries while she was a passenger in a vehicle operated by the defendant Sammey Ahmad (hereinafter the defendant), when he lost control of the vehicle after a night of drinking, striking light poles and a tree. The plaintiff commenced this action against the defendant and others to recover damages for her injuries. The plaintiff’s sixth cause of action seeks to recover punitive damages.
 

 The defendant moved pursuant to CPLR 3211 (a) (7) and 3212 to dismiss the plaintiff’s sixth cause of action insofar as asserted against him on the grounds that the plaintiff failed to state a cause of action and the alleged conduct did not rise to the level of conduct sufficient to constitute reckless, intentional, wanton, or malicious conduct. The Supreme Court denied the motion, and the defendant appeals.
 

 The plaintiff erroneously denominated her request for punitive damages as a separate cause of action. “New York does not recognize an independent cause of action for punitive damages” (Randi A.J. v Long Is. Surgi-Ctr., 46 AD3d 74, 80 [2007]; see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616 [1994]; Yong Wen Mo v Gee Ming Chan, 17 AD3d 356 [2005]; Park v YMCA of Greater N.Y. Flushing, 17 AD3d 333 [2005]). Accordingly, the Supreme Court erred in denying that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the separately pleaded sixth cause of action insofar as asserted against him.
 

 However, the plaintiff’s request for punitive damages in the ad damnum clause of the complaint was proper. Whereas compensatory damages are intended to assure that the victim receives “fair and just compensation commensurate with the injury sustained,” punitive damages are meant to “punish the tortfeasor and to deter this wrongdoer and others similarly situated from indulging in the same conduct in the future” (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489 [2007]). With regard to the availability of punitive damages in personal injury cases involving drunk drivers, while this Court has held that “[evidence that a defendant was driving while intoxicated is insufficient by itself to justify the imposition of punitive damages” (Boykin v Mora, 274 AD2d 441, 442 [2000]; see Rodgers v Duffy, 95 AD3d 864, 866-867 [2012]), this Court has also held that “driving while intoxicated may support an award for punitive damages where there is additional evidence that the defendant engaged in ‘wanton and reckless’ conduct evincing heedlessness and an utter disregard for the safety of others” (Chiara v Dernago, 128 AD3d 999, 1003 [2015], quoting Schragel v Juszczyk, 43 AD3d 1375, 1375 [2007]). Indeed, punitive damages were properly imposed where the driver was excessively drunk (see Chiara v Dernago, 128 AD3d at 1003; Schragel v Juszczyk, 43 AD3d at 1376; Silvin v Karwoski, 242 AD2d 945 [1997]) or was a repeat offender (see Parkhill v Cleary, 305 AD2d 1088 [2003]). Accordingly, a request for punitive damages can be stated in a case arising from drinking and driving. Furthermore, at this stage it would be premature to conclude that the allegations in the complaint are insufficient to support a claim that the defendant acted so recklessly or wantonly as to warrant an award of punitive damages (see Gipe v DBT Xpress, LLC, 150 AD3d 1208, 1209 [2017]; Felton v Tourtoulis, 87 AD3d 983, 984 [2011]). Thus, to the extent the plaintiff sought punitive damages in her ad damnum clause, she stated a request for such damages, and that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss that request for punitive damages insofar as asserted against him was properly denied (see Yong Wen Mo v Gee Ming Chan, 17 AD3d 356, 359-360 [2005]).
 

 Furthermore, with respect to that branch of the defendant’s motion which sought summary judgment dismissing the request for punitive damages insofar as asserted against him, it was the defendant’s affirmative burden to “make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to [demonstrate the absence of] any material issues of fact” on the issue of punitive damages (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). He failed to proffer evidence that eliminated all triable issues of fact regarding the request for punitive damages insofar as asserted against him. Accordingly, since he failed to demonstrate his prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of his motion which was for summary judgment dismissing the request for punitive damages insofar as asserted against him without regard to the sufficiency of the plaintiffs opposition papers (see id. at 853).
 

 Hall, J.P., Cohen, Barros and Christopher, JJ., concur.