Liton Khan, Respondent,
against
Patrick Flynn, Appellant.




Picciano & Scahill, P.C. (Keri A. Wehrheim of counsel), for appellant.
Bompart & Bompart, LLC (Timothy Bompart of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), dated May 26, 2017. The order denied defendant's motion to dismiss the third cause of action.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover damages for, among other things, personal injuries he had sustained when a car operated by defendant had struck his vehicle on the Brooklyn Queens Expressway (BQE) on April 19, 2013. The complaint's first and second causes of action seek damages for negligence. The third cause of action seeks punitive damages based upon defendant's intoxication at the time of the accident, which, plaintiff alleged, constituted, under the factual circumstances presented, "gross recklessness or intentional, wanton or malicious conduct." Defendant moved to dismiss the third cause of action on the ground that his actions did not justify punitive damages. Plaintiff opposed the motion, asserting that, while intoxicated, defendant had been driving in the wrong direction on the BQE when his car struck plaintiff's, and argued that the circumstances of this case supported an award for punitive damages. The Civil Court denied the motion.
In our view, the Civil Court properly denied defendant's motion to dismiss the third cause of action. While "New York does not recognize an independent cause of action for punitive damages" (Randi A.J. v Long Is. Surgi-Ctr., 46 AD3d 74, 80 [2007]; see Rocanova v Equitable [*2]Life Assur. Socy. of U.S., 83 NY2d 603 [1994]; Gershman v Ahmad, 156 AD3d 868 [2017]), the demand for punitive damages set forth in the third cause of action was based upon a claim that defendant's particular conduct, as incorporated in the third cause of action, was intentional, grossly reckless, wanton, or malicious. An action against an intoxicated driver may support an award for punitive damages where there is additional evidence that a defendant engaged in reckless or wanton conduct "evincing heedlessness and an utter disregard for the safety of others" (Gershman v Ahmad, 156 AD3d 868, 869 [internal quotation marks omitted]). Thus, even assuming that it was unnecessary for plaintiff to set forth this claim in a separate cause of action (see e.g. Rahn v Carkner, 241 AD2d 585 [1997]), as no prejudice to defendant was demonstrated, and as plaintiff's doing so was for the sake of clarity, the defect, if any, was properly overlooked (see Woodford v Benedict Community Health Ctr., 188 AD2d 863, 865 n [1992]; Sterling Nat. Bank v Ernst & Young, LLP, 9 Misc 3d 1129[A], 2005 NY Slip Op 51850[U], *6 [Sup Ct, NY County 2005]; see also Carselli-Kalia v Sunbeam Corp., 4 AD3d 871 [2004]).
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018