18-0380-cv(L)
Plotch v. Wells Fargo Bank, N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
              RICHARD C. WESLEY,
              RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

-----------------------------------------------------------------

ADAM P. PLOTCH,

    *Plaintiff-Appellant,*

    v.                        Nos. 18-0380-cv(L), 18-2292-cv(CON)

WELLS FARGO BANK, N.A.,

    *Defendant-Appellee.*

-----------------------------------------------------------------

FOR APPELLANT:    JEFFREY M. GREILSHEIMER (Jami L. Mevorah, *on the brief*), Fox Horan & Camerini LLP, New York, NY.

FOR APPELLEE:    JEFFREY R. METZ (William J. Geller, Jackie Halpern Weinstein, *on the brief*), Adam Leitman Bailey, P.C., New York, NY.

Appeal from judgments of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Adam Plotch appeals from two judgments of the District Court (Gershon, J.), the first granting Wells Fargo's motion to dismiss Plotch's complaint and the second denying Plotch's motion to amend his complaint.   Plotch's action arose from his 2012 purchase of property subject to a $342,000 mortgage that consolidated a series of mortgages the previous property owner, Philip L. McKenzie, had executed in favor of Wells Fargo (the 2005 Consolidated Mortgage).   Plotch seeks to subordinate or cancel of record several of the prior mortgages.   We assume the parties' familiarity with the underlying facts and

the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The 2005 Consolidated Mortgage was incorporated into a Consolidated, Extension and Modification Agreement (the 2005 CEMA), which was recorded in 2005 in the New York City register. Plotch first argues that the 2005 CEMA was improperly recorded because nothing on its face as it appears in the public record establishes that it was "duly acknowledged," as required by New York Real Property Law § 291. N.Y. Real Prop. Law § 291; see Matisoff v. Dobi, 90 N.Y.2d 127, 132 (1997). We disagree. The 2005 CEMA bears the signature of "a notary public in and for [the State of New York]," who certified McKenzie's acknowledgement. App'x 289; see N.Y. Real Prop. Law §§ 298, 303. Plotch does not dispute that McKenzie's acknowledgment was actually certified by a notary. Although some additional information required under New York Executive Law § 137 appears to be missing in the public record, such "technical defect[s] relating to the notary public's stamp" will "not invalidate the official act of the notary public." Qi Sheng Lu v. World Wide Travel of Greater N.Y., Ltd., 974 N.Y.S.2d 547, 548 (2d Dep't 2013); see Parkhill v. Cleary, 759 N.Y.S.2d 262, 265 (4th Dep't 2003); N.Y. Exec. Law § 137. We therefore agree with the District

3

Court that the 2005 CEMA was "duly acknowledged" in accordance with New York Real Property Law § 291.

Plotch next argues that the District Court erred in holding that the 2005 Consolidated Mortgage, which was incorporated into the 2005 CEMA, was the only mortgage relevant to the litigation because it superseded the predecessor mortgages.   We agree with the District Court's holding that where there is no intervening lien, a mortgage consolidating predecessor mortgages into a single lien qualifies as the "first mortgage of record."   Plotch v. Citibank, N.A., 27 N.Y.3d 477, 483 (2016).   Because there was no intervening lien in this case, Plotch's deed was subject to the 2005 Consolidated Mortgage as the "first mortgage of record."   See N.Y. Real Prop. Law § 339-z.

We have considered Plotch's remaining arguments and conclude that they are without merit.   Wells Fargo's motion to file a sur-reply is granted.   All other pending motions are denied.   For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4