■ PARK AVENUE & 35TH STREET CORP., Also Known as SEVEN PARK AVENUE CORPORATION, Respondent, v THOMAS PIAZZA, Doing Business as PIAZZA ASSOCIATES, Appellant, et al., Defendants. (And Another Action.)—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.) entered July 2, 1990, which, *inter alia,* denied defendant-appellant's motion for summary judgment on his counterclaims, granted the plaintiff's motion to dismiss those counterclaims with prejudice, and awarded the plaintiff judgment on the eighth cause of action of the complaint, unanimously affirmed, without costs.

Defendant Piazza was hired by the plaintiff to supervise the renovation of the exterior of a building at 7 Park Avenue. After paying approximately $80,000.00 of the over $100,000.00 billed by defendant Piazza, plaintiff refused further payment and commenced this action contending, *inter alia,* that Piazza had falsely held himself out to be a licensed architect. Based on various admissions and statements made by Piazza whereby he stated that the work performed by him constituted "architectural" services, the IAS court granted summary judgment in favor of plaintiff.

Defendant now contends that the work he performed was in the nature of administrative work as a general contractor, for which licensing as an architect is not required. Defendant's present posture is directly at odds with his previous statements, correspondence, and invoices, in which defendant held himself out as an architect. Further, various tasks performed by defendant, including reviewing bid documents for compliance with specifications and accepted construction standards, and the drafting of floor plans, are services which require that the provider be licensed as an architect. *(Compare, Chipouras & Assocs. v 212 Realty Corp.,* 156 AD2d 549.) Accordingly, plaintiff was entitled to judgment as a matter of law. Concur —Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.