■■■ COUNTY OF ONEIDA, by and through its Health Department, Respondent, and CITY OF UTICA, Appellant, v ESTATE OF JOHN A. KENNEDY, Deceased, et al., Respondents. [751 NYS2d 807] —An appeal having been taken from a revised judgment of Supreme Court, Oneida County (Julian, J.), entered January 17, 2002, which, inter alia, granted plaintiff City of Utica judgment in the amount of $2,510.62, and a motion by defendants to dismiss the appeal having been renewed at oral argument of the appeal,

It is hereby ordered that the revised judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the third and fourth decretal paragraphs and as modified the revised judgment is affirmed without costs, and

It is further ordered that the motion is granted in part and the appeal is dismissed insofar as plaintiff City of Utica challenges the first, second, and fifth through ninth decretal paragraphs of the revised judgment.

Memorandum: Plaintiff City of Utica (City) appeals from a revised judgment that, inter alia, granted plaintiffs judgment in the amount of $13,275.86, the cost of demolishing an abandoned structure on defendants' property. After the City perfected its appeal from the revised judgment, defendants moved to dismiss the appeal, contending that it was moot because the City had accepted their tendered payment and thus that defendants had satisfied the revised judgment in full.

We denied defendants' motion with leave to renew at oral argument of the appeal. Although we reject defendants' contention that the appeal insofar as it concerns liability for the cost of the demolition is moot, we now grant the motion in part and dismiss that part of the appeal. The City, having accepted the benefits of the revised judgment in that respect, is not aggrieved thereby and therefore is precluded from appealing from that part of the revised judgment (*see* CPLR 5511; *Mid-State Precast Sys. v Corbetta Constr. Co.*, 223 AD2d 776, 777). However, the City is not precluded from appealing from the third and fourth decretal paragraphs of the revised judgment. Those decretal paragraphs constitute "an inappropriate advisory opinion" (*T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862). We conclude that those decretal paragraphs must be vacated because the issues addressed therein have no bearing on any present controversy before Supreme Court and thus are nonjusticiable (*see American Ins. Assn. v Chu*, 64 NY2d 379, 385-386, *appeal dismissed and cert denied* 474 US 803; *see generally Matter of Self-Insurer's Assn. v State Indus. Commn.*, 224 NY 13, 16). Moreover, "[o]ne is not entitled to a declaratory judgment absent 'concrete legal issues presented in actual cases, not abstractions' " (*Phelan v City of Buffalo*, 54 AD2d 262, 264), and thus the court's declarations in those decretal paragraphs are improper.

Thus, we grant defendants' motion in part and dismiss the appeal insofar as the City challenges the first, second, and fifth through ninth decretal paragraphs of the revised judgment, and we modify the revised judgment by vacating the third and fourth decretal paragraphs. Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Lawton, JJ.