(January 23, 2003)

■ NEAL COHEN, M.D., Respondent, v ANNE C., Appellant. [753 NYS2d 500] —Appeal from order, Supreme Court, New York County (Norman Ryp, J.), entered on or about November 9, 2001, which denied respondent's motion to set aside a jury verdict finding that respondent was in need of continued assisted outpatient treatment pursuant to Mental Hygiene Law § 9.60 (m), unanimously dismissed, without costs, as academic, and the order vacated as an inappropriate advisory opinion.

In January 2000, petitioner commenced this proceeding seeking an order placing respondent in assisted outpatient treatment (AOT) pursuant to Mental Hygiene Law § 9.60, popularly known as Kendra's Law. After a hearing, a justice of the Supreme Court found that respondent met the statutory criteria for AOT and directed, by order dated February 24, 2000, that she receive such treatment for six months. After an additional hearing held in August 2000, another justice, by order dated August 31, 2000, extended respondent's AOT for an additional year, until August 31, 2001.

In September 2000, respondent demanded that the issue of her continuing need for AOT through August 31, 2001, or lack of such need, be reviewed pursuant to Mental Hygiene Law § 9.60 (m), which provides that "[r]eview of an order issued pursuant to this section shall be had in like manner as specified in [Mental Hygiene Law § ] 9.35." Consistent with the procedures prescribed by Mental Hygiene Law § 9.35 (which provides for review of a court order authorizing retention of a patient in a mental health facility), the issue of whether respondent continued to meet the criteria for AOT was tried to a

jury, before yet another justice, in March 2001. The evidence presented at trial was not limited to the evidence presented in the prior hearings. The jury was instructed that petitioner had the burden of proving by clear and convincing evidence that respondent met the criteria for AOT, a point petitioner's counsel had conceded prior to opening statements. On March 8, 2001, the jury unanimously found that petitioner was in need of continued AOT.

After the jury rendered its verdict, respondent's counsel orally moved to set aside the verdict on the ground that it was not supported by sufficient evidence as to at least one of the statutory criteria. The court and counsel then engaged in brief colloquy as to the procedures to be followed after the rendering of a jury verdict under Mental Hygiene Law § 9.60 (m), in which petitioner's counsel contended that the court had no power to entertain respondent's motion. Although the court apparently reserved decision on these issues pending filing of motion papers by the parties, no such papers were ever filed.

On August 31, 2001, the August 2000 order continuing respondent's AOT expired by its own terms. Six days later, on September 6, 2001, the trial court issued a decision and order purporting to deny respondent's motion to set aside the verdict (190 Misc 2d 53), which paper was subsequently entered on or about November 9, 2001. In addition to finding that the jury's verdict to continue respondent's AOT had been "amply supported by the competent evidence" (*id*. at 68), the court engaged in a wide-ranging discussion of Mental Hygiene Law § 9.60 (m), reaching conclusions as to a number of legal issues, including several the parties themselves had not raised. In any event, as to respondent, all such issues were moot as of the date the court's decision was issued, given the prior expiration of the underlying order continuing her AOT. Respondent has appealed.

Under the circumstances presented, we find that respondent's appeal should be dismissed as academic, and that the order appealed from should at the same time be vacated in the exercise of discretion (*see Matter of Ruskin v Safir*, 257 AD2d 268, 271), on the ground that such order was an inappropriately rendered advisory opinion when issued (*see T. D. v New York State Off. of Mental Health*, 91 NY2d 860, 862; *see also Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713-714). Again, in this case, the issues addressed by the trial court's order were already academic by the time that order was rendered. While at the appellate level there is an exception to the mootness doctrine for appeals involving significant and novel issues likely to arise

repeatedly but typically evading review (*see id.* at 714-715), that exception does not apply here. The exception to the mootness doctrine recognized by *Hearst Corp. v Clyne* is intended to facilitate appellate adjudication of important but transitory issues, and does not generally apply to courts of original jurisdiction, since few issues, if any, are so ephemeral as to consistently evade decision by courts of first instance. As an initial order for AOT may be in effect for up to six months (Mental Hygiene Law § 9.60 [j] [2]), and an order for continued AOT may be in effect for up to one year (Mental Hygiene Law § 9.60 [k]), trial courts will generally have time to rule on issues arising out of Mental Hygiene Law § 9.60 (m) proceedings before an existing AOT order expires. Thus, there is no reason for a trial court to issue a decision based on a case that has already become moot by reason of the expiration of the underlying AOT order.

In order to obviate any confusion potentially arising from the vacated decision, we feel constrained to express our disagreement with certain opinions expressed therein. Specifically, we wish to clarify that, contrary to the trial court's view, a Mental Hygiene Law § 9.60 (m) review proceeding is a de novo proceeding, like a proceeding under Mental Hygiene Law § 9.35 (*see Matter of Barber v Rochester Psychiatric Ctr.*, 250 AD2d 87, 90). Since an Mental Hygiene Law § 9.60 (m) proceeding is de novo, the burden of proof therein remains with the petitioner, never shifting to the respondent, and the record is open to new evidence not presented at any prior hearing. Moreover, the sole substantive issue in a Mental Hygiene Law § 9.60 (m) proceeding is whether the petitioner has proven by clear and convincing evidence that the subject patient meets the criteria for AOT set forth by Mental Hygiene Law § 9.60 (*see Matter of Manhattan Psychiatric Ctr. [Anonymous]*, 285 AD2d 189, 198-199). Contrary to the trial court's view, Mental Hygiene Law § 9.60 (m), which applies to persons receiving outpatient care, does not incorporate by reference the substantive issue of retention set forth in Mental Hygiene Law § 9.35, which applies to involuntarily committed patients. Concur—Nardelli, J.P., Saxe, Sullivan, Williams and Friedman, JJ. [*See* 190 Misc 2d 53.]