■ ALBERT CHENG, M.D., et al., Appellants, v OXFORD HEALTH PLANS, INC., et al., Respondents. [790 NYS2d 4]—

Appeal from order and judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered January 24, 2003 and February 4, 2003, respectively, which granted defendants' motion to stay the action and compel arbitration, while dismissing plaintiffs' claims for violation of Public Health Law § 4406-c and Insurance Law § 3224-a (a) on the ground that no private right of action exists under these statutes, unanimously dismissed, without costs, and the judgment and that branch of the order that dismissed the claims vacated.

Plaintiffs, who are physicians and members of the Medical Society of the State of New York, commenced this action against Oxford Health Plans on their own behalf and on behalf of other physician members of the Medical Society who are or were participating physicians in Oxford's physician network between August 15, 1995 and the present. Each physician became a participating physician by entering into an agreement with Oxford to provide medically necessary healthcare services to Oxford's plan members in exchange for Oxford's payments at specified rates. Plaintiffs allege that Oxford is engaged in a pat-

tern of improper and deceptive conduct and business practices in a scheme to deny, impede, delay and reduce reimbursement owed to the participating physicians, in violation of General Business Law § 349, Public Health Law § 4406-c, and Insurance Law § 3224-a (a), and in breach of contract.

Oxford moved to compel arbitration or, in the alternative, to dismiss the complaint pursuant to CPLR 3211. The motion court analyzed the arbitration clause contained in the agreement, rejected plaintiffs' argument that it is unconscionable, and held that the arbitration clause is enforceable and that all plaintiffs' claims are arbitrable. However, the court then proceeded to analyze plaintiffs' claims in light of Oxford's alternative argument. The court sustained plaintiffs' breach of contract and General Business Law § 349 claims, but dismissed the Public Health Law § 4406-c and Insurance Law § 3224-a (a) claims on the ground that no private right of action is provided for under those statutes.

Plaintiffs appeal only the determination that there is no private right of action under either Public Health Law § 4406-c or Insurance Law § 3224-a (a). Oxford argues that, since the parties agree that all plaintiffs' claims belong in arbitration, this appeal should be dismissed.

We agree that the appeal should be dismissed, as it would result in an inappropriate advisory opinion (*see T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]). At the same time, the order appealed from, to the extent that it dismissed certain claims, should be vacated, in the exercise of discretion, because it was an inappropriately rendered advisory opinion when issued (*see Cohen v Anne C.*, 301 AD2d 446, 447 [2003]). The threshold question of arbitrability is a matter for the courts, but the ultimate determination on the merits of a controversy is reserved for the arbitrator (*see e.g. Matter of Brown & Williamson Tobacco Corp. v Chesley*, 7 AD3d 368, 372-373 [2004]). Having found that plaintiffs' claims must be arbitrated, the motion court should not have reached their merits. To the extent that it did so, the court's determination is of no force and effect. Concur—Andrias, J.P., Sullivan, Ellerin and Sweeny, JJ.