*595 OPINION OF THE COURT
Robert F. Julian, J.
The respondent is an involuntary patient at Central New York Psychiatric Center.
As provided in Mental Hygiene Law § 9.31, respondent requested a hearing to contest his involuntary admission within 60 days of his commitment. The hearing is statutorily required to be held within five days of the application. The said hearing was not so held, the 60 days expired, and a new application for six months’ retention was made pursuant to Mental Hygiene Law § 9.33. Accordingly, the petitioner argues that any request for relief relating to the section 9.31 hearing is now moot, not justiciable, and should be dismissed.
The court will not depart from its initial determination rendered in a bench decision.
This matter is freighted with the reality that it involves the deprivation of respondent’s liberty, and accordingly respondent’s due process rights must be scrupulously protected. The statutory scheme (Mental Hygiene Law §§ 9.31, 9.33, 9.35) creates an involuntary retention scheme that provides an involuntarily held patient with multiple opportunities to be heard and contest his loss of liberty. Section 9.31 provides the patient with the right to choose where the hearing will be held from several possible counties, a right not afforded by section 9.33. The patient can demand review of the determination to hold him by a jury. These serial hearings provide a constitutionally acceptable procedure for the deprivation of liberty of one who is not charged with a crime.
“[T]here are numerous provisions in the statute [Mental Hygiene Law] for notice and hearing and reassessment of a patient’s status by MHIS, medical personnel and judicial officers, and by a jury if so desired. On its face, this scheme reflects a careful balance between the rights of the individual and the interests of society” (Project Release v Prevost, 722 F2d 960, 974 [1983]).
The petitioner urges that one of these “numerous . . . hearing^] and reassessement[s]” be dispensed with because someone (not the respondent) failed to schedule the hearing in a timely way. This would also, in effect, dispense with respondent’s opportunity to have the matter heard in the county of his choice.
The statutory scheme provides for serial hearings, and the respondent is insisting upon his right to those hearings, including *596 one pursuant to Mental Hygiene Law § 9.31 in Erie County. The law cited by the petitioner (Matter of Crumpley v Wack, 212 AD2d 299 [1995]; Cohen v Anne C., 301 AD2d 446 [2003]) compels no different outcome. Neither concerns these sections of the Mental Hygiene Law. Cohen is a Mental Hygiene Law case, but involves an assisted outpatient treatment proceeding, which, while no doubt involving liberty interests, is simply qualitatively different from custodial loss of liberty and as the interests are different so is the mootness analysis.
For these reasons the court determines that it did not misapprehend material facts or the law, adheres to its earlier determination, and reargument is denied.