■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS BERMEO, Appellant. [865 NYS2d 588]—Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered on or about January 9, 2007, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.

■ ALEX GREENBERG, DDS, PC, et al., Appellants, v SNA CONSULTANTS, INC., Respondents. [866 NYS2d 115]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 19, 2008, which granted defendants' cross motion to compel arbitration, unanimously reversed, on the law, without costs, and the cross motion denied.

In New York, any threshold issue of arbitrability is a matter for the court (*Cheng v Oxford Health Plans, Inc.*, 15 AD3d 207, 208 [2005]). Only a person licensed or otherwise authorized to practice architecture may do so and use the title "architect" (Education Law § 7302), and only a professional corporation formed to practice architecture or other related professions may contract with another party to perform architectural services (Business Corporation Law § 1503 [a]; *see SKR Design Group v Yonehama, Inc.*, 230 AD2d 533 [1997]).

In this breach-of-contract action, the overwhelming documentary evidence establishes that defendants' services, including repeated characterizations of their work as "architectural" in their own agreements, work product and invoices, as well as their design of numerous detailed plans for electrical, HVAC, plumbing and related mechanical functions, and their supervision of the engineer and general contractor, constituted the unauthorized practice of architecture and not "interior design," as defendants claim (*see Park Ave. & 35th St. Corp. v Piazza*, 170 AD2d 410 [1991]; *Marshall-Schule Assoc. v Goldman*, 137 Misc 2d 1024 [1987]). Inasmuch as the agreements are unenforceable because defendants were engaged in the unauthorized practice of architecture, so are the arbitration clauses contained therein (*see JMT Bros. Realty, LLC v First Realty Bldrs., Inc.*, 51 AD3d 453 [2008]; *Al-Sullami v Broskie*, 40 AD3d 1021 [2007]). Concur—Tom, J.P., Gonzalez, Williams and Freedman, JJ.