# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1205**
**CA 13-00704**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

SUNRISE NURSING HOME, INC., PLAINTIFF,

V                                          MEMORANDUM AND ORDER

MARION FERRIS, ALSO KNOWN AS MARION WALLIS,
ET AL., DEFENDANTS,
AND STANLEY FERRIS, INDIVIDUALLY AND AS POWER
OF ATTORNEY FOR MARION FERRIS, ALSO KNOWN AS
MARION WALLIS, DEFENDANT-APPELLANT.
--------------------------------------------------
GLORIA FLORES BALDWIN, AS GUARDIAN AD LITEM FOR
MARION FERRIS, ALSO KNOWN AS MARION WALLIS,
RESPONDENT.
(APPEAL NO. 1.)

---

FINOCCHIO & ENGLISH, SYRACUSE (VINCENT J. FINOCCHIO, JR., OF COUNSEL),
FOR DEFENDANT-APPELLANT.

GLORIA FLORES BALDWIN, BALDWINSVILLE, RESPONDENT PRO SE.

---

Appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.), entered July 12, 2012. The order, among other things, adjudged that defendant Stanley Ferris, individually and as power of attorney for Marion Ferris, also known as Marion Wallis, must pay respondent Gloria Flores Baldwin, guardian ad litem for Marion Ferris, also known as Marion Wallis, the sum of $13,142.33 for services rendered in this action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, Stanley Ferris (defendant), individually and as power of attorney for his wife, defendant Marion Ferris, also known as Marion Wallis, appeals from an order granting the application of respondent, the guardian ad litem for Marion, for an interim award of fees. In appeal No. 2, defendant, individually, appeals from an order denying that part of his motion to dismiss the sixth cause of action based on plaintiff's failure to state a cause of action (*see* CPLR 3211 [a] [7]), and from those parts of his purported motion to dismiss the first and second causes of action, which we note were asserted only against Marion, as well as the seventh cause of action against him, based on plaintiff's lack of legal capacity to sue (see CPLR 3211 [a] [3]).

Contrary to defendant's contention in appeal No. 1, Supreme Court had the authority to make an interim award of fees to the guardian ad litem (*see generally* CPLR 1204; *Haynes v Haynes*, 200 AD2d 457, 457, *affd* 83 NY2d 954; *Matter of Infant X. v Children's Hosp. of Buffalo*, 197 AD2d 884, 884).  Moreover, we conclude that the court did not abuse its discretion with respect to the amount of the award in view of the guardian ad litem's efforts in the case (*see Matter of Reitano*, 89 AD3d 535, 535-536, *appeal dismissed sub nom. Cangro v Marangos*, 18 NY3d 985, *reconsideration denied* 19 NY3d 992; *see also Haynes*, 83 NY2d at 957), or with respect to its apportionment of the award among the parties (*see Matter of HSBC Bank USA, N.A. [Knox]*, 98 AD3d 300, 322-323, *lv denied* 20 NY3d 860).  We therefore affirm the order in appeal No. 1.  Finally, we decline to impose sanctions against appellate counsel for defendant, as power of attorney, as urged by the guardian ad litem in appeal No. 1 (*see generally Matter of Gademsky v Masset*, 213 AD2d 1082, 1082).

We note at the outset with respect to appeal No. 2 that the first and second causes of action, corresponding to the first and second ordering paragraphs of the order on appeal, have been discontinued pursuant to a stipulation, and thus any contentions with respect to those causes of action or ordering paragraphs are moot (*see Virella v Allstate Home Care of Buffalo, Inc.*, 59 AD3d 1100, 1101).  As now relevant in appeal No. 2, defendant contends that the court erred in failing to grant his motion with respect to the sixth and seventh causes of action.  We conclude, however, that defendant did not move to dismiss the seventh cause of action, nor indeed did he seek dismissal of the third and eighth causes of action.  Thus, the court's consideration of those causes of action was improper (*see generally Cottone v Selective Surfaces, Inc.*, 68 AD3d 1038, 1038-1039), and any contention by defendant on appeal with respect to them is not properly before us.  We therefore modify the order in appeal No. 2 by vacating the third, seventh, and eighth ordering paragraphs (*see County of Oneida v Estate of Kennedy*, 300 AD2d 1091, 1092).  We note in particular that, because defendant did not move against those causes of action, he should not be precluded from subsequently doing so (*see* CPLR 3211 [e]).

Contrary to the contention of defendant, individually, in appeal No. 2, plaintiff's sixth cause of action properly asserts a cause of action for necessaries against him in his individual capacity (*see generally Medical Bus. Assoc. v Steiner*, 183 AD2d 86, 90-91), and we thus conclude that the court properly denied that part of the motion seeking to dismiss that cause of action.

Entered:  November 15, 2013                    Frances E. Cafarell
                                               Clerk of the Court