Matter of Olney v Town of Barrington (2018 NY Slip Op 04454)





Matter of Olney v Town of Barrington


2018 NY Slip Op 04454


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, AND NEMOYER, JJ.


238 CA 17-01759

[*1]IN THE MATTER OF SETH M. OLNEY, DOING BUSINESS AS THE OLNEY PLACE, PETITIONER-PLAINTIFF-RESPONDENT,
v
TOWN OF BARRINGTON, TOWN OF BARRINGTON ZONING BOARD OF APPEALS, RESPONDENTS-DEFENDANTS-APPELLANTS, DONALD BANZHAF AND JANE C. BANZHAF, INTERVENORS-RESPONDENTS-DEFENDANTS-APPELLANTS. 






HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.
KNAUF SHAW LLP, ROCHESTER (JONATHAN R. TANTILLO OF COUNSEL), FOR INTERVENORS-RESPONDENTS-DEFENDANTS-APPELLANTS.
JESSICA L. BRYANT, GENEVA, AND THOMAS G. SMITH, ROCHESTER, FOR PETITIONER-PLAINTIFF-RESPONDENT.


 Appeals from a judgment of the Supreme Court, Yates County (Dennis F. Bender, A.J.), entered May 18, 2017. The judgment, inter alia, declared that the New York State Liquor Authority has exclusive jurisdiction to grant a liquor license. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated and the appeals are dismissed without costs.
Memorandum: Respondents-defendants and intervenors-respondents-defendants (collectively, defendants) appeal from a judgment that purports to declare the rights of the parties in a longstanding zoning dispute regarding the right of petitioner-plaintiff (plaintiff) to serve alcohol in his store. Defendants' appeals appear to be premised upon their misconception that the judgment declared that respondent-defendant Town of Barrington (Town) "could not seek to enforce the use restrictions in the 2013 Special Use Permit in a way that prohibited [plaintiff] from serving food or beverages on the enclosed porch" and "that the [Alcoholic Beverage Control] Law wholly preempted local zoning laws and precluded the Town from enforcing the terms and conditions of [plaintiff's] 2013 Special Use Permit." The judgment made no such declarations, however. Rather, the judgment declared, inter alia, that the New York State Liquor Authority has exclusive jurisdiction to "grant" liquor licenses, a power that defendants have conceded throughout this litigation is not possessed by the Town. The remaining declarations in the judgment are entirely favorable to defendants.
Thus, we conclude that defendants are not aggrieved by the judgment, and their appeals must be dismissed (see CPLR 5511; Insurance Co. of State of Pa. v Adessie Imports, Ltd., 24 AD3d 230, 231 [1st Dept 2005]; 308 W. 30th St. v Cogan, 289 AD2d 93, 93 [1st Dept 2001]; see generally Matter of Freck v Town of Porter, 158 AD3d 1163, 1164 [4th Dept 2018]). The fact that the judgment " may remotely or contingently affect interests which [defendants] represent[] does not give [them] a right to appeal' " (Matter of DeLong, 89 AD2d 368, 370 [4th Dept 1982], lv denied 58 NY2d 606 [1983], quoting Ross v Wigg, 100 NY 243, 246 [1885]). Likewise, the fact that the judgment "may contain language or reasoning which [defendants] deem adverse to their interests does not furnish them with a basis . . . to take an appeal" (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473 [1986]).
Finally, we note that the justiciable components of the underlying petition/complaint were fully adjudicated by a prior order from which no appeal was taken. The judgment on appeal is thus an "inappropriately rendered advisory opinion" (Cohen v Anne C., 301 AD2d 446, 447 [1st Dept 2003]; see Sunrise Nursing Home, Inc. v Ferris, 111 AD3d 1441, 1442 [4th Dept 2013]; Cheng v Oxford Health Plans, Inc., 15 AD3d 207, 208 [1st Dept 2005]; County of Oneida v Estate of Kennedy, 300 AD2d 1091, 1092 [4th Dept 2002]; see generally Cuomo v Long Is. Light. Co., 71 NY2d 349, 354 [1988]). We therefore vacate the judgment in order to prevent it from " spawning any legal consequences or precedent' " (Matter of Thrall v CNY Centro, Inc., 89 AD3d 1449, 1451 [4th Dept 2011], lv dismissed 19 NY3d 898 [2012], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 718 [1980]; see Cheng, 15 AD3d at 208; Cohen, 301 AD2d at 447; see generally Funderburke v New York State Dept. of Civ. Serv., 49 AD3d 809, 811 [2d Dept 2008]; Matter of Ruskin v Safir, 257 AD2d 268, 271 [1st Dept 1999]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court