Vulcraft of N.Y., Inc. v Solvay Iron Works, Inc. (2019 NY Slip Op 07196)





Vulcraft of N.Y., Inc. v Solvay Iron Works, Inc.


2019 NY Slip Op 07196


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


946 CA 19-00013

[*1]VULCRAFT OF NEW YORK, INC., PLAINTIFF-RESPONDENT-APPELLANT,
v
SOLVAY IRON WORKS, INC., DEFENDANT, AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND, DEFENDANT-APPELLANT-RESPONDENT. 






BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
BARCLAY DAMON, LLP, BUFFALO (CHRISTOPHER A. CARDILLO OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order and judgment (one paper) of the Supreme Court, Oswego County (James W. McCarthy, J.), entered July 27, 2018. The order and judgment, among other things, denied the motion of defendant Fidelity and Deposit Company of Maryland for summary judgment dismissing the complaint against it, granted that part of the cross motion of plaintiff seeking summary judgment against that defendant and dismissed the counterclaim of that defendant. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the cross motion in its entirety and reinstating the counterclaim of defendant Fidelity and Deposit Company of Maryland and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action, inter alia, to recover on a payment bond issued by Fidelity and Deposit Company of Maryland (defendant). Defendant appeals from an order and judgment that, inter alia, denied defendant's motion for summary judgment dismissing the complaint against it, granted that part of plaintiff's cross motion for summary judgment on its cause of action against defendant, and sua sponte dismissed defendant's counterclaim against plaintiff. Plaintiff cross-appeals from the same order and judgment insofar as it, in effect, denied that part of plaintiff's cross motion for attorneys' fees pursuant to State Finance Law § 137 (4) (c).
Contrary to defendant's contention on its appeal and plaintiff's contention on its cross appeal, triable issues of fact exist concerning plaintiff's demand for payment on the bond and whether such demand was "actually received" by the general contractor within the time period prescribed by law (State Finance Law § 137 [3]; see generally Mills v Niagara Frontier Transp. Auth., 163 AD3d 1435, 1438 [4th Dept 2018]; New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547, 547-548 [2d Dept 2006]). Thus, while Supreme Court properly denied defendant's motion, it erred in granting plaintiff's cross motion with respect to its cause of action against defendant (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), and we modify the order and judgment accordingly. Moreover, given that plaintiff never sought summary judgment dismissing defendant's counterclaim against it, the court further erred in sua sponte dismissing that counterclaim (see Sunrise Nursing Home, Inc. v Ferris, 111 AD3d 1441, 1442 [4th Dept 2013]). We therefore further modify the order and judgment by reinstating the counterclaim. Finally, given our determination that the court erred in granting plaintiff's cross motion in part, we reject plaintiff's contention on its cross appeal that it was entitled to attorneys' fees pursuant to section 137 (4) (c).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court