Matter of Goussetis v Young Adults with Special Abilities, Inc. (2021 NY Slip Op 05562)





Matter of Goussetis v Young Adults with Special Abilities, Inc.


2021 NY Slip Op 05562


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LARA J. GENOVESI, JJ.


2018-05646
 (Index No. 8129/17)

[*1]In the Matter of Mary Magdalini Goussetis, etc., appellant, 
v
Young Adults with Special Abilities, Inc., etc., et al., respondents.


Mary Magdalini Goussetis, Douglaston, NY, appellant pro se.
Law Offices of Peter Metis, LLC, New York, NY, for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to annul certain determinations of Young Adults with Special Abilities, Inc., dated February 1, 2014, on the ground that the meeting and vote which took place on that date were improperly held, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered February 22, 2018. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
Young Adults with Special Abilities, Inc. (hereinafter YASA), was incorporated in 2000 under the Not-For-Profit Corporation Law. The petitioner was made a lifetime member with voting rights.
On February 1, 2014, a corporate meeting was held at which the term of the current board of directors was extended for one year, and new by-laws were ratified which provided that the membership of YASA would consist of the board of directors.
This CPLR article 78 proceeding was commenced on August 10, 2017, inter alia, to annul all acts, votes, or proceedings that took place at the February 1, 2014 meeting, on the grounds that proper notice was not provided to members, and a quorum was not present at the meeting. In an order and judgment entered February 22, 2018, the Supreme Court, among other things, denied the petition and dismissed the proceeding on the ground that the statute of limitations expired prior to the commencement of this proceeding. The petitioner appeals.
CPLR 217(1) provides, inter alia, that "a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he [or she] represents in law or in fact." However, CPLR 217(1) specifies that the time to commence the proceeding may be tolled where the petitioner is under a disability specified in CPLR 208.
The proceeding here was commenced on August 10, 2017, more than three years after the determinations at issue, made on February 1, 2014. Accordingly, the statute of limitations had expired when this proceeding was commenced.
The petitioner failed to show that the toll provided for in CPLR 208 applies here. CPLR 208 applies to a person entitled to commence an action who is under a disability because of infancy or insanity at the time the cause of action accrues. The term "insanity" is not defined by the statute, but the Court of Appeals has held that "the Legislature meant to extend the toll for insanity to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society," and the statute is to be narrowly interpreted (McCarthy v Volkswagen of Am., 55 NY2d 543, 548; see Steo v Cucuzza, 213 AD2d 624, 625). The task of determining whether the tolling provision applies "is a pragmatic one, which necessarily involves consideration of all surrounding facts and circumstances relevant to the claimant's ability to safeguard his or her legal rights" (Matter of Cerami v City of Rochester School Dist., 82 NY2d 809, 812).
Here, the petitioner presented no proof that she was "insane" at the time of the determinations at issue. In support of her petition, the petitioner submitted evidence that in 2015 her father was made guardian of her property, and in 2017 her father was made guardian of her person and property. This evidence was sufficient to demonstrate that she was found to be "intellectually disabled" at that time, within the meaning of Surrogate's Court Procedure Act § 1750, so that her father could be appointed guardian. However, this evidence was not sufficient to demonstrate that the petitioner was "insane" or otherwise unable to pursue her legal rights in 2014, following the allegedly improper YASA meeting. Notably, the petitioner held voting rights in YASA, and was named as an individual plaintiff in a prior related action. These facts belie the present claim that the petitioner was unable to timely commence this proceeding due to "insanity" within the meaning of CPLR 208.
The petitioner also has not shown that the amendments made at the YASA meeting were void ab initio as against public policy, so as to provide a defense to the statute of limitations bar (see Gersten v 56 7th Ave. LLC, 88 AD3d 189).
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding as barred by the statute of limitations.
In light of our determination we need not reach the parties' remaining contentions.
MASTRO, J.P., MILLER, DUFFY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court