Matter of Verdugo v Smiley & Smiley, LLP (2022 NY Slip Op 04138)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Verdugo v Smiley & Smiley, LLP

2022 NY Slip Op 04138

Decided on June 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 28, 2022
Before: Gische, J.P., Kern, Mazzarelli, Singh, Rodriguez, JJ. 


Index No. 5001387/09, 160295/15 Appeal No. 16207 Case No. 2019-2398, 2021-03211 

[*1]In the Matter of Jose Verdugo, etc. Rocio Pieternelle, etc., Plaintiff-Respondent,
vSmiley & Smiley, LLP, Defendant, Flomenhaft & Cannata, LLP, et al., Defendant-Appellants. Schwartz Goldstone Campisi & Kates, LLP, Nonparty Respondent. 

The Flomenhaft Law Firm, PLLC, New York (Andrew MacNeill Wanger of counsel), for appellants.
Schwartz Goldstone Campisi & Kates, LLP, New York (Herbert Rodriguez Jr. of counsel), for Schwartz Goldstone Campisi & Kates, LLP, respondent.

Order, Supreme Court, New York County (Carol Sharpe, J.), entered August 11, 2021, which, to the extent appealed from as limited by the briefs, denied defendants Flomenhaft & Cannata, LLP, Flomenhaft Law Firm, PLLC, and Michael Flomenhaft's (collectively, Flomenhaft) motion for summary judgment dismissing the complaint as against them on statute of limitations grounds and summary judgment, upon the dismissal of the complaint, dismissing nonparty Schwartz Goldstone Campisi & Kates, LLP's (SGCK) petition for apportionment of attorneys' fees as barred by the doctrine of res judicata or collateral estoppel, and directed that a hearing be held on the issue of the tolling of the statute of limitations for insanity (CPLR 208), unanimously modified, on the law and the facts and in the exercise of discretion, to vacate the directive that a hearing be held pursuant to CPLR 208 and the determination that, if the malpractice complaint is dismissed as against Flomenhaft on statute of limitations grounds, the fee petition will not be barred by the doctrine of res judicata or collateral estoppel, appeal therefrom to the extent it denied Flomenhaft's motion for summary judgment dismissing the malpractice complaint affirmed, and appeal therefrom to the extent it denied Flomenhaft's motion for summary judgment dismissing the fee petition dismissed, without costs.
Flomenhaft was retained by defendant Smiley & Smiley, LLP, as trial counsel in a 2004 personal injury action brought by the subject incapacitated person (IP) before a guardian was appointed. On January 5, 2006, nonparty counsel referred by Flomenhaft requested that a guardianship petition filed for the IP by his relatives be marked off the calendar, and the petition was marked off the following month. On March 2, 2007, March 6, 2007, April 3, 2007, and January 18, 2008, the IP entered into loan agreements with Peachtree. In April 2009, SGCK was substituted for Flomenhaft, and in 2015 the personal injury action settled. Plaintiff commenced this action on behalf of the IP against Flomenhaft and Smiley & Smiley asserting breach of fiduciary duty and related causes of action (the malpractice action). SGCK brought a petition to allocate fees in which it argued that Flomenhaft was discharged for cause (the fee petition).
The parties do not dispute that Flomenhaft established prima facie that this action asserting breach of fiduciary duty and related causes of action (the malpractice action) was commenced after the applicable statutes of limitations had expired. However, plaintiff raised an issue of fact whether the statutes of limitations were tolled for "insanity" (see Cox v Kingsboro Med. Group, 88 NY2d 904 [1996]; Rodriguez v Mount Sinai Hosp., 96 AD3d 534, 535 [1st Dept 2012]; CPLR 208[a]). Viewed in the light most favorable to plaintiff, the record presents issues of fact as to the IP's ability to protect his legal rights and his overall ability to function in society at the time his claims against Flomenhaft [*2]accrued, i.e., in January 2006, when nonparty counsel referred by Flomenhaft requested that the guardianship petition filed for the IP by his relatives be marked off the calendar, and in March 2007, April 2007, and January 2008, when the IP entered into loan agreements with Peachtree Funding Northeast, LLC (Peachtree) (see McCarthy v Volkswagen of Am., 55 NY2d 543, 548 [1982]). The record shows that the IP suffered a traumatic brain injury in 2003, after which some physicians found that he suffered from memory and cognitive deficits. Most notably, in November 2006, a neuropsychological independent medical examination showed a deficient cognitive profile, and between 2006 and 2008, the IP's treating neuropsychiatrist consistently observed memory and cognitive deficits. A court-appointed evaluator supported guardianship in 2006 and again in 2009. In addition, the Peachtree loans were vacated based on the IP's incapacity, and, in 2009, guardians were appointed after the IP was determined to be incapacitated under Mental Hygiene Law article 81. These two legal determinations are not conclusive as to insanity (cf. Matter of Goussetis v Young Adults with Special Abilities, Inc., 198 AD3d 761, 762 [2d Dept 2021] [evidence of appointment of guardians was sufficient to demonstrate that petitioner was "intellectually disabled" within meaning of SCPA 1750, but not that she was "insane"]; see Mental Hygiene Law § 81.29[b] [appointment of guardian shall not be conclusive evidence that the incapacitated person lacks capacity for any other purpose]). However, they augment the above-cited evidence in placing the IP's ability to function in issue. None of the cases cited by Flomenhaft involved a previous head injury, resulting in documented cognitive and memory deficiencies observed in temporal proximity to the accrual of the causes of action, and related legal findings of incapacity.
Nevertheless, the disputed issue of the IP's sanity, necessary to resolve the statute of limitations issue, should not be heard at a pretrial hearing, but rather it should be heard at the same time as the underlying trials of these matters. This is because both the malpractice action and the fee petition turn in part on the IP's capacity. Any resolution of the sanity issue at a pre-trial hearing could potentially deprive the parties of a right to a jury trial.
Flomenhaft's appeal from the denial of its motion for summary judgment dismissing the fee petition is dismissed on the ground that it would result in an advisory opinion (see Cuomo v Long Is. Light. Co., 71 NY2d 349, 354 [1988]; e.g. Cheng v Oxford Health Plans, Inc., 15 AD3d 207, 208 [1st Dept 2005]). We, however, exercise our discretion to vacate the motion court's determination that, if the malpractice complaint against Flomenhaft is dismissed based on the statute of limitations, then the fee petition would not be barred by the doctrines of res judicata or collateral estoppel. Having denied Flomenhaft's motion to dismiss [*3]the malpractice complaint on statute of limitations grounds, the court should not have considered whether the fee petition
would be barred by the doctrine of res judicata or collateral estoppel.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 28, 2022